PATON *vs.* MURRAY and wife.

> The wife having joined with her husband in a mortgage of his real estate, to secure a partnership debt due from him and his co-partner, upon a written stipulation given by the co-partners to her that the mortgage should be paid out of the partnership funds ; and the firm having afterwards failed and assigned all their property and effects to the mortgagee and another person to pay other debts of the firm ; *Held,* that the mortgage was not a specific equitable lien upon the partnership funds as against the other debts due from the firm, and that the wife's contingent right of dower in the mortgaged premises was liable to be sold if her husband's interest in the premises were not sufficient to satisfy the mortgage.
>
> Where a mortgagor assigned all his property, including his equity of redemption in the mortgaged premises, to the mortgagee and another person as trustees for the benefit of creditors ; *Held,* that the proper way for the mortgagee to enforce his specific lien upon the mortgaged premises was by a bill of foreclosure, and that his co-trustee was a necessary party to such bill ; and that the wife of the mortgagor having joined in the mortgage, the husband and wife were proper parties to the suit for the purpose of extinguishing her contingent right of dower in the mortgaged premises.

May 2.    THIS was an appeal from a decree of the vice chancellor of the second circuit. The bill was filed for the foreclosure of a mortgage upon the land of the defendant John R. Murray, executed by him and his wife to the complainant in January, 1834, conditioned for the payment of $1200 and interest. This mortgage was given to secure the complainant for certain endorsements for J. R. Murray & D. Dickey, which the complainant was compelled to pay. At the time of the execution of the mortgage and the acknowledgment thereof by the wife of Murray, a paper was delivered to her by the complainant's agent, signed by Dickey & Murray, by which they promised to pay the mortgage and to return it to her when paid ; which paper her husband assured her would protect her rights. In March, 1834, Murray & Dickey failed and made an assignment to the complainant and J. Horspool, and to the survivor of them, of all the real and personal estate of Murray & Dickey and of each of them, in trust to sell and convert the same into cash, and after paying the expenses of the execution of the trust, to pay the complainant $3000, Hors-

pool $2500, and J. Dickey $1000 ; and to divide the residue of the proceeds of the assigned property equally among the other creditors of Murray & Dickey. It appeared by the proofs in the cause that the debt of $3000 to the complainant mentioned in the assignment was for a debt of the firm entirely distinct from that secured by the mortgage ; and that the proceeds of the assigned property, other than the mortgaged premises which had not been sold, was only sufficient to pay forty-four per cent of the debts of the preferred creditors. Upon hearing the cause upon pleadings and proofs, the vice chancellor directed a reference to compute the amount due upon the mortgage ; and directed a sale upon the coming in and confirmation of the master's report. From this decree the defendants appealed.

*S. A. Foot,* for the complainant.

*R. Lockwood,* for the defendants.

The Chancellor. I am satisfied from the testimony that, as between Mrs. Murray and the firm of Murray & Dickey, this mortgage should have been paid by the latter, so as to prevent the sale of her contingent right of dower in the mortgaged premises. It appears, however, that her husband and Dickey have assigned all the co-partnership property, and also their individual estates, to satisfy other debts due from the firm ; so that there is nothing except the mortgaged premises to satisfy this debt. Although this may have been a breach of good faith on the part of Murray & Dickey, the mortgaged premises are still liable for the amount of this specific lien thereon ; and the wife's contingent right of dower must be sold, if her husband's interest in the property, subject to such dower, is not sufficient to pay the mortgage money and interest.

The objection for the want of proper parties is properly taken however ; as the equity of redemption, except as to the contingent right of dower of Mrs. Murray, is not in the defendants but in the complainant and Horspool, as trustees under the assignment of March, 1834. The statement

1837.

Paton
v.
Murray.

in the answer might perhaps leave it doubtful whether that assignment embraced any thing more than the partnership effects. But as the complainant himself was a party to the assignment and had acted under it in conjunction with Horspool, he could not have been misled by this vague statement in the answer. And from the assignment itself, which was produced and made an exhibit before the examiner, it is very clear that all the interest of Murray in the mortgaged premises passed to the trustees under that assignment. The complainant was therefore bound to see that the persons to whom this equity of redemption had passed were made parties to the suit; as it is impossible to foreclose it upon the present bill. As the assignment is to the complainant and Horspool or to the survivor of them, it is evident that if the latter survives the complainant he will have a perfect right to redeem notwithstanding the foreclosure and sale under the present decree.

There is no subsisting equity of redemption in either of the present defendants. Nothing, therefore, could be reached under the present decree except the wife's contingent right of dower. And the complainant is not entitled to a decree for the sale of that, or to a decree over against the husband for a deficiency, until the equity of redemption which has passed to the assignees has been foreclosed and sold. Under the circumstances of this case it is very evident that the wife's contingent right of dower is mortgaged merely as a security for the debt of Murray & Dickey; and that it should not be sold unless the husband's interest in the property which has been transferred to the assignees shall ultimately be found insufficient to satisfy the debt and costs. And although Murray and his wife would be proper parties to a bill filed against Horspool on account of the ultimate liability of her contingent right of dower, there can be no decree against that contingent interest which shall make it primarily liable for the payment of the complainant's debt. The vice chancellor should therefore have directed the cause to stand over for the want of proper parties, and without costs; giving leave to the complainant to bring

1837.

Paton
v.
Murray.

Horspool before the court, as one of the assignees of the husband's equity of redemption, by supplemental bill.

The objection for want of parties was not raised by the answer of the defendants; and from its not being alluded to in the opinion of the vice chancellor, I presume it was not made upon the hearing before him. This, however, cannot aid the respondent except as to the question of costs upon the appeal. It is not an objection of form merely, but of substance, as there can be no decree of foreclosure without having the owners of the equity of redemption before the court as parties.

The objection that no bill for a foreclosure will lie in this case, even with the proper parties, is not well taken. The complainant has a specific lien upon the mortgaged premises for the payment of the mortgage debt; and the equity of redemption is assigned to him and another as trustees for the benefit of himself and other creditors for distinct and independent debts. I know of no way therefore in which he could protect his rights and enforce his specific lien under this mortgage, except by a bill of foreclosure against his co-trustee to obtain a sale of the equity of redemption. He had also a right to make the original mortgagor a party with his wife for the purpose of reaching her contingent right of dower, if it should be necessary to sell that also to satisfy the debt, and of having a decree over against Murray upon his bond for any deficiency which might ultimately be found to exist.

The decree of the vice chancellor must be reversed without costs to either party. And the case must stand over, with liberty to the complainant to bring Horspool before the court, as one of the assignees of Murray's equity of redemption, by a supplemental bill against Horspool alone. And if such supplemental bill is not filed in sixty days, and prosecuted with due diligence so as to put the cause in a situation to be heard without any unnecessary delay, the present defendants may apply to dismiss the original bill with costs.