## VAN NEST *vs.* LATSON and others.

Where a mortgagor sells the mortgaged premises, and the purchaser assumes the payment of the mortgage, and executes his bond for the amount due, the mortgagor need not be made a party to an action brought against the purchaser, to foreclose the mortgage.

The technical doctrine of merger will not be applied, contrary to the intention of the parties.

Thus, a conveyance of mortgaged premises, from the owner thereof to the mortgagee, will not operate as a merger of the mortgage in the legal title, where it was not the intention of the parties that it should have that effect.

APPEAL from a judgment entered at a special term, on the report of a referee. The case showed that one Thomas G. Tallmadge executed a bond and mortgage to Abraham Van Nest, (the plaintiff's guardian,) upon lands of which those in controversy were a part. That when the plaintiff became of

age, his guardian assigned the bond and mortgage of said Tallmadge to the plaintiff. That after the making of such bond and mortgage, a portion of the lands therein described were released from the mortgage, and the remainder of such lands were sold by said Tallmadge to the defendant, John W. Latson, subject to the lien of such mortgage : and that as a part of the consideration money upon such purchase, Latson assumed the payment of the amount due on such bond and mortgage so made by Tallmadge, and also executed and delivered his own bond to the plaintiff for the amount which was unpaid of such bond and mortgage, the plaintiff still retaining the bond of Tallmadge. That Tallmadge was not made a party to this action. That after the commencement of this action, and before the defendant Latson put in his answer, an agreement was made between the plaintiff through his attorney, and Latson, by which Latson and his wife executed and delivered a deed to the plaintiff, of the premises covered by such mortgage, to be delivered to the plaintiff absolutely on the failure of said Latson to perform certain things in said agreement mentioned. That such things were not performed, and the plaintiff afterwards put such deed on record. The cause was tried before a referee, and he decided in substance : 1. That Thomas G. Tallmadge, the mortgagor, was not a necessary party to the suit. 2. That the deed of the mortgaged premises from the defendants, Latson and wife, to the plaintiff, delivered to the plaintiff's attorney, in escrow, under the agreement of February 13, 1851, never became absolute. 3. That the delivery of such deed, and the subsequent recording of it by the plaintiff, did not merge the title in the plaintiff ; and 4. That the plaintiff was entitled to the usual decree of foreclosure and sale, with a decree over against the defendant Latson, for any deficiency.

From this decree the defendants, Latson and wife, appealed. The wife died after the appeal.

*John W. Latson,* appellant, in person. I. There was a defect of parties in this action ; Thomas G. Tallmadge, the person who executed the mortgage and the original bond, not having

been joined as defendant. The general rule is, that all persons materially interested in the matter of the suit, or against whom a decree could be made, or whose legal rights will or might be affected thereby, must be made parties. (*Christie* v. *Herrick,* 1 *Barb. Ch.* 254. *Reed* v. *Marble,* 10 *Paige,* 409. *Ensworth.* v. *Lambert,* 4 *John. Ch.* 604. *Dart* v. *Palmer,* 1 *Barb. Ch.* 92. *Hallett* v. *Hallett,* 2 *Paige,* 15.) Under this rule, Tallmadge should have been made a party, to enable the court to make a complete determination of the case ; because, (1.) He is liable to the plaintiff, on his bond, for any deficiency which there may be after sale of the mortgaged premises, and return of an execution against Latson ; and for that reason he is entitled to an opportunity to appear in all the proceedings in the suit and sale, and to contest any or all of them ; otherwise he will have the right, in a subsequent suit, to contest all or any of such proceedings, and perhaps even to insist upon a resale of the premises, to determine the amount of his liability. (2.) There is a liability on the part of Latson to Tallmadge, which is, that Latson is liable to Tallmadge on his agreement to pay said bond and mortgage, for any money which Tallmadge may have to pay thereon. This liability ought to be settled between them in this action. (3.) This case is one in which the court should, under § 122 of the code, have ordered the cause to stand over, and Tallmadge to be brought in as a party, in order to settle the whole controversy between the parties. (*See Code,* §§ 122, 274.)

II. This suit was settled by the absolute conveyance to the plaintiff, of the premises mortgaged. By the agreement between the defendant Latson and the plaintiff's attorney, an absolute deed of the premises was made out, executed and delivered to the plaintiff's attorney in escrow, to become absolute in case certain things were not done by the defendant within a certain time. Those things were not done within the time ; and the true construction of that agreement is, that the plaintiff then became the absolute owner of the premises, and that he took them in full satisfaction of the bond and mortgage mentioned in the complaint.

III. The fact that the plaintiff put the deed on record, is

conclusive evidence that he took the same out of escrow, and accepted the same in full satisfaction, under such agreement.

IV. By the deed from Latson and wife, to the plaintiff, the mortgage became merged in the legal title then held by the plaintiff, and from that time there was nothing to foreclose, and nothing upon which this court could make a decree against the defendants. (*Jackson* v. *Dewitt*, 6 *Cowen*, 316.  *James* v. *Morey*, 2 *id.* 256.  *Globe Ins. Co.* v. *Lansing*, 5 *id.* 380.  *Cooper* v. *Whitney*, 3 *Hill*, 95.  *Jackson* v. *Roberts*, 1 *Wend.* 478.  *Butler* v. *Miller*, 5 *Denio*, 159.)

*George S. Stitt*, for the plaintiff.  I. The defendant objects that the mortgagor is not a party.  This is not necessary. (2 *Hoff. Ch. Pr.* 142.)  The defendant Latson took the premises from him subject to the mortgage, and assumed the payment of the mortgage.

II. There was no merger by the conveyance to the plaintiff. The doctrine of merger is a technical doctrine, and is not favored in equity.  (*Mechanics' Bank* v. *Edwards*, 2 *Barb. S. C. R.* 545.)  In law and in equity it is always controlled by the intention of the parties.  (*James* v. *Morey*, 2 *Cowen*, 246.  *Richards* v. *Ayres*, 1 *Watts & Serg.* 485, *and cases cited.*)  The intention to prevent a merger will be presumed where it is the interest of the party that a merger should not operate.  (1 *Watts & Serg.* 485.  *James* v. *Morey*, 2 *Cowen*, 246.  *Lockwood* v. *Sturtevant*, 6 *Conn. R.* 373.  *Burhans* v. *Van Ness*, 5 *Halst.* 102.  *Richards* v. *Ayers*, 1 *Watts & Serg.* 485.) There is no merger in this case.  (*Wells* v. *Chapman*, 4 *Sand. Ch.* 312.  *Hadley* v. *Chapin*, 11 *Paige*, 245.  8 *Watts*, 138. 9 *Whart.* 410.  9 *Watts*, 9.)  The intention of the parties may be proved by parol.  (*James* v. *Morey*, 2 *Cowen*, 246.  1 *Spence*, 340.  2 *Richardson*, 601.)  There would be manifest injustice in applying the doctrine of merger to this case, as there are judgment creditors before the conveyance.

*By the Court*, CLERKE, J.  I. Tallmadge, the mortgagor, having sold the premises in question to the defendant Latson,

and the latter having assumed the payment of the mortgage, there is no reason why the former should be made a party to this action, which is brought to foreclose the equity of Latson and his wife, and to enforce any deficiency, which may remain, from Latson alone. The court can make a complete determination on these points without reference to Tallmadge. If there should be any equities between him and Latson, they must be settled between them in another suit. Tallmadge is not, therefore, a necessary party to this action.

II. It is evident from the whole conduct of the parties, both before and subsequent to the agreement between them, and the deed of the 13th February, 1851, that they never intended that the conveyance should operate as a merger of the mortgage. And without such intent, express or implied, it will not be presumed; and certainly, in cases like this where we think it was contrary to such intent, it would be a manifest departure from all the principles which have guided courts of equity on this subject, to entertain the idea, for a moment, of applying the technical doctrine of merger.

The judgment of the special term should be affirmed with costs.

