DELAPLAINE and another vs. LEWIS, Governor &c., impleaded with others.

A mortgagor who has parted absolutely with the equity of redemption is not a necessary, though he may be a very proper, party defendant in an action to foreclose the mortgage.

A city, to secure the payment of its bonds, conveyed certain mortgaged premises to A. W. R., Governor of Wisconsin, and to his successors in office, in trust for the holders of the bonds. *Held*, that even if Governor R. accepted the trust, this would not devolve its liabilities on any one of his successors in office who did not expressly or by implication accept it.

An allegation, therefore, in the complaint to foreclose such a mortgage, that L. has succeeded to such office so held by R., and is now governor of said state, does not show that he is a trustee for the holders of the bonds under said mortgage, nor that he should be made a party to the suit.

But an averment that "L., Governor of the State of Wisconsin," with others named, "has or claims some interest in or lien upon the mortgaged premises as hereinbefore alleged, *or otherwise*, which is subsequent to the mortgage in suit," shows a cause of action against L.

Such an averment is sufficient to cut off any interest which L. may have as subsequent incumbrancer, &c.; and if he has no such interest, he should disclaim by answer.

APPEAL from the Circuit Court for *Dane* County.

This was an action to foreclose a mortgage of real estate in the city of Madison, executed by Hoel K. Lawrence, October 16th, 1855, to *George P. Delaplaine*, to secure the bond of said Lawrence conditioned for the payment of $10,500. On the 2d of November following, Lawrence conveyed an undivided fourth of the mortgaged premises to each of the defendants *Hopkins*, *Atwood* and *Farwell*, and on the 10th of the same month conveyed the remaining undivided fourth to said *Farwell*. In August, 1856, *Hopkins*, *Atwood* and *Farwell* conveyed a portion of the mortgaged premises to the *City of Madison*, and in June, 1858, said city conveyed the same land "to Alexander W. Randall, then governor of the State of Wisconsin, as such governor, and to his successors in said office, in trust," to secure the payment of certain bonds issued by said city (under an act of the legislature approved February 28th, 1857, entitled "An act authorizing the enlargement of the State

Capitol " &c.), and for the benefit of the owners and holders of said bonds. This action was brought by *George P. Delaplaine* and the *Bridgeport Savings Bank*, to foreclose the mortgage of Lawrence to *Delaplaine;* the bank having taken an assignment of Lawrence's bond and mortgage as collateral security to a bond executed to it by *Delaplaine* conditioned for the payment of $10,000, on which default had been made. The complaint alleges that certain persons named as defendants are the owners and holders of said bonds of the *City of Madison*, and that since the execution of the trust deed before mentioned, "said Alexander W. Randall has ceased to be governor of the state of Wisconsin, his term of office as such having expired, and that the defendant *James T. Lewis* has succeeded to said office so held by said Randall, and is now governor of said state, and as such is trustee for the holders of said bonds, and represents their interest in that capacity, under and by virtue of said last mentioned conveyance." It further alleges that certain defendants named, including "*James T. Lewis*, Governor of the state of Wisconsin," have or claim to have "some interest in or lien upon said mortgaged premises, or some part thereof, as hereinbefore alleged or otherwise, which liens or interest, so far as they exist, accrued subsequent to the lien of [the mortgage in suit], and are subject thereto."

The defendant *Lewis* demurred to the complaint as not stating a cause of action against him, and also because the mortgagor, Lawrence, had not been made a party defendant. From an order sustaining the demurrer, plaintiffs appealed.

*Gregory & Pinney*, for appellants, to the point that Lawrence was not a necessary party defendant, cited Story's Eq. Pl., 197; *Vreeland v. Loubat*, 1 Green's Ch., 104; *Chester v. King*, id., 405; *Bigelow v. Bush*, 6 Paige, 343; *Hallock v. Smith*, 4 Johns. Ch., 649; *Shaw v. Hoadley*, 8 Blackf., 165; 16 How. Pr. R., 424; 19 Barb., 604. 2. To the point that the complaint stated a cause of action aginst the defendant *Lewis*,

they cited *Bridgeport Savings Bank v. Randall*, 15 Wis., 541. *Winfield Smith*, Attorney General, *contra*.

*By the Court*, COLE, J. According to the weight of modern authorities the rule seems to be settled, that a mortgagor who has absolutely parted with the equity of redemption is not a necessary, though he is a very proper, party defendant in an action to foreclose the mortgage. Story's Eq. Plead., 197; *Bigelow v. Bush*, 6 Paige, 343; *Shaw v. Hoadley*, 8 Blackf., 165; *Van Nest v. Latson*, 19 Barb., 604; *Drury v. Clark*, 16 How. Pr. R., 424. It may be said that the purchaser of the equity of redemption is vitally interested in knowing the true amount due upon the mortgage, and that, in order to enable the court to make a complete determination of the cause, the mortgagor should be brought before the court, so that the whole controversy may be settled in one suit, and the rights of all be fully protected. Whatever force there may be in this view of the matter as an original question, still the rule seems to be settled the other way, that the mortgagor is not a necessary party where he has sold and conveyed his interest in the mortgaged property. We are not disposed to depart from this rule at this time, and we must therefore hold the second ground of demurrer, that the mortgagor, Lawrence, should be made a party defendant, untenable.

From the complaint it appears that the city of Madison, to secure the payment of its bonds, conveyed the mortgaged premises therein named to Governor Randall and to his successors in office, as trustees in trust for the holders of the bonds. It is very clear that this trust is nothing appertaining to the office or duties of governor of this state as such governor, and that the character and liabilities of the trustee can only attach to the individual who for the time being happens to be gover·nor, and who may be willing to accept the trust. And it is equally clear that even if Governor Randall accepted the trust, this fact would not devolve its liabilities on his successor in

the executive office who did not expressly, or by implication, accept it. It is a very general principle of law, that a person cannot be compelled to act as trustee without his consent. And as the office and duties of governor, under the constitu· tion and laws of this state, are entirely distinct from the character and office of trustee under this mortgage, it is very obvious that *Governor Lewis* might accept the former without in any way incurring the liability of the latter. When he succeeded to the office of governor, it was entirely optional with him whether he would act as trustee under the mortgage or not. But the fact that he " has succeeded to said office so held by said Randall, and is now governor of said state," by no means shows that he is a trustee for the holders of the city bonds under the mortgage; nor does it afford any reason for making him a party to this suit. If he is made a party defendant because he is trustee, then there should be some fact stated or some allegation made that he has assumed the liabil· ities and character of a trustee. But nothing of the kind is averred in the complaint. Were it not, therefore, that the complaint contains the further averment that "*James T. Lewis*, governor of the state of Wisconsin," with others therein named, has or claims some interest in or lien upon the mort· gaged premises as hereinbefore alleged, *or otherwise*, which is subsequent to the mortgage in suit," we should be clearly of the opinion that it stated no cause of action against him. But this allegation is undoubtedly sufficient to cut off and bar any interest which *Governor Lewis* has in the premises as subsequent incumbrancer. If he has no such interest, he can disclaim by answer. But as the case now stands we must hold likewise the first ground of demurrer bad.

The order sustaining the demurrer is therefore reversed.