Fancher, J.
This is a motion to compel a purchaser to complete his purchase. On May 23, 1871, Nathaniel J. Burchell mortgaged to the plaintiff, five lots of land on One-Hundred-and-Twenty-sixth-street, in the City of New York. This action was brought for a foreclosure and sale, and the premises were sold under the judgment therein to William A. Bigelow, on September 9, 1872. At the time appointed for completing the purchase, he declined to do so, and served upon the referee the following objections to the title :—
" 1. John H. Platt, assignee of Stuyvesant Bank, *266 should have been made a party defendant, in order to foreclose all question as to whether O. H. P. Archer, receiver, or John H. Platt, assignee, legally represents the Stuyvesant Bank, who have a judgment lien on the premises sold.
" 2. The heirs of Nathaniel J. Burchell, deceased, have not been properly made parties defendant, according to law and the practice of this court.
“ 3. The notices of lis pendens filed herein are of no validity whatever.
“4. The referee on sale has no legal power to convey.
“5. All parties having rights to redeem have not been foreclosed of their equity of redemption.”
The first notice of pendency was filed on January 22, 1872, but the complaint was not filed until Febuary 6, thereafter. This was an irregularity, for section 132 of the Code of Procedure requires that the notice of pendency be filed at the time of filing the complaint, or at any time afterwards. But the irregularity was cured on February 9, 1872, when an amended complaint and an amended notice of pendency were filed. The purpose of a lis pendens is that it may operate as constructive notice to any subsequent purchaser or incumbrancer. The amended Us pendens was effectual for such purpose. The amendment of the summons and complaint had been duly authorized by an order entered on February 7, 1872.
Some six months after the execution of the mortgage, Nathaniel J. Burchell, the mortgagor, executed an assignment of his property, including the premises in question, to Nathaniel Burchell and Leander Stone, two of the defendants in this action. The assignment was dated on November 17, 1871, and was duly recorded in the office of the Register of the City and County of New York, on November 27, 1871. The effect of this conveyance to the defendants, Nathan *267 iel Burchell and Leander Stone, was to vest in them the legal title of the premises, subject to the mortgages, and all equity of redemption was thereby transferred to them. It is objected, that a judgment against a mortgagor in favor of the receiver of the Stuyvesant Bank, recovered in February, 1872, was a lien, and that the assignee in bankruptcy of the bank represented the judgment, and should have been made a party defendant. The objection is without force, for the judgment never became a lien on the mortgaged premises. The title had passed to the assignees of Burchell before the judgment was obtained. Besides, the plaintiff in the judgment was O. A. P. Archer, receiver of the Stuyvesant Bank, and he was made a defendant in the foreclosure action. Platt became the assignee in bankruptcy, pendente lite, after the filing of the amended complaint and amended lis pendens in this action ; and, were it admitted that he thenceforth represented the judgment, it was not necessary for the plaintiff in the foreclosure action to amend his proceedings by making the assignee in bankruptcy a party. This point was decided, as to the bankrupt act of 1841, in Cleveland v. Boerum (27 Barb., 252), and the same principle applies to the present act. There are two sufficient answers, therefore, to the objection that Platt, the assignee in bankruptcy, was not made a party defendant; the first is, the judgment which he represents never became a lien on the mortgaged "premises; and the second is, he became such assignee after the filing of the Us pendens in this action.
Another objection to the title under the foreclosure and sale judgment is that the infant heirs of Nathaniel J. Burchell, deceased, have not been properly made parties defendant in this action. He died after service of the summons, and after his .time to answer the complaint had expired. This objection is answered *268 by the conveyance of November 17, 1871. It has been held that where an assignment for the benefit of creditors has been made, the assignees are proper parties defendant to an action for the foreclosure of a mortgage covering the assigned premises, and that the mortgagor who made the assignment is not a necessary party, so far as the equity of redemption is concerned (Payton v. Murray, 6 Paige, 474; see also Van Nest v. Latson, 19 Barb., 604). The assignees, after the assignment, hold the legal title, and, as such, they represent the creditors as well (Matthews v. Duryea, 45 Barb., 69; S. C., 4 Keyes, 525; see also, Briggs v. Davis, 21 N. Y., 574; Baker v. Devereaux, 8 Paige, 513; Nodine v. Greenleaf, 7 Paige, 544; Mead v. Mitchell, 17 N. Y., 210). Whether the appointment of the guardian ad litem was properly made for the infant heirs of Burchell, without service of the summons on them, is a matter of doubt (Grover v. Haws, 19 Abb. Pr., 161, note; contra, Varian v. Stevens, 2 Duer, 635; Althause v. Radde, 3 Bosw., 410); but, however that may be, if there was no necessity for making Nathaniel J. Burchell a defendant in the action, there certainly was none for making his heirs parties defendant in the action. .
I can discover no valid reason why the purchaser should not take this title, and he must, therefore, be ordered to complete his purchase.
The plaintiffs motion is granted, with ten dollars costs.