Rice v. Bunce, Adm'r of the estate of Seely, et al.

———•———

T. M. RICE, Plaintiff in Error, *v.* HARVEY BUNCE, ADMINISTRATOR OF THE ESTATE OF WILLIAM T. SEELY, AND THE UNKNOWN HEIRS OF WILLIAM T. SEELY, Defendants in Error.

1. *Estoppel* in pais — *Sale of land — Standing by — Silence and encouragement.*— One having an equitable interest in land, who is present when the same is put up for sale, and gives no notice of his own claim, but enters the list of bidders, and by his silence or conduct induces others to bid and expend their money in the purchase of the land, will be estopped from afterward asserting his title against the purchaser.

2. *Estoppel* in pais — *Fraudulent intent not necessary.*— If a person encourages another to purchase either land or a chattel, he cannot afterward assert any title in himself to the thing purchased, although he may have been ignorant of his rights when he gave the encouragement; for though there may have been no fraudulent intent, yet the assertion of his title would operate as a fraud, in the same manner as if there had been a fraudulent purpose.

3. *Equity — Relief — Purchaser without consideration given — Notice.*— A grantee of land must show that he has paid the purchase-money or parted with some valuable consideration, before he can be entitled to relief against an outstanding title on account of failure of notice thereof.

*Error to Moniteau Circuit Court.*

*G. T. White*, for plaintiff in error.

Ferguson had a right to appear at the sale as a bidder: 1. For the reason that he owned an equity to the north half, and sought by the purchase to acquire the legal title to the whole lot. 2. He bid also for the south half, in which he claimed title. (Jewett v. Miller; 6 Seld., N. Y., 402; Blount v. Robeson, 3 Jones, N. C., 73; Taylor v. Zepp, 14 Mo. 482; Carpenter v. Stillwell, 12 Barb. 128; Otis v. Still, 8 Barb., S. C., 102.) Ferguson's sheriff's deed being upon record, and reciting the judgment obtained by Seely's administrator and a sale by the sheriff under his direction, was certainly a notice to Shropshire. (See 4 Johns., N. Y., 262, 268; Hill on Trust. 794–5, 844 *n.*) The sheriff's

deed was at any rate enough to put Shropshire on inquiry. (See 4 Kent, 179–80.) The sheriff's deed imparted notice, and that notice extended to all it contained. (Picot v. Page, 26 Mo. 415.) And Ferguson bidding for whatever interest Seely's estate might have had in the entire lot, was no abandonment of his right to the half. (Bartlett v. Glascock, 4 Mo. 62 ; Vaughn v. Tracy, 22 Mo. 415 *et seq.* ; Webster v. Vansteenbergh, 46 Barb. 211 ; see Jenkins v. Eldridge, 3 Sto. 297–8 ; Maupin v. Emmons, 47 Mo. 307–8.) Shropshire having knowledge of Ferguson's equity, cannot now plead estoppel *in pais.* (Hill v. Eply, 31 Penn St. 331 ; Goodson v. Beachman, 24 Ga. 150.) Estoppels *in pais* are not allowed to operate except where in good conscience and honest dealing the party ought not to be permitted to gainsay his admissions. (McAferty v. Conover, 7 Ohio St. 99.) The act or admission must have been expressly designed to influence the conduct of another, and must in fact have influenced such other party. (Byers v. Farwell, 9 Barb., S. C., 615 ; Morris v. Moore, 11 Humph. 433 ; Copeland v. Copeland, 28 Me. 325 ; Crocket v. Lashbrook, 3 Monr. 530.) In order to make the plea of estoppel available to Shropshire, it must appear that he was not only ignorant of Ferguson's title, but that he had no means of knowledge. (Commonwealth v. Mentz, 10 Barr, 527 ; Brown v. Wheeler, 17 Cow. 345.)

*Draffin & Muir,* with *Edmond Burke,* for defendants in error.

It is a well-settled principle of law that when a party having a right to an estate permits or encourages a purchaser to buy it of another, the purchaser shall hold it against the person who has the right. In the case at bar, the testimony of all the witnesses concur in the fact that at the sale made by Bunce in March, 1867, and at which defendant Shropshire purchased, Ferguson, the plaintiff's vendor, was present — failed to disclose or to proclaim to the bidders present that he claimed any interest in the property — bid the sum of $500 for the property himself, thereby inducing and encouraging the defendant Shropshire to buy the property ; and under those circumstances, to permit Ferguson to come in and set up his title in opposition to that of the party

whom he then induced by his acts, his words and his silence, to expend his money, would be manifest injustice. The conduct of Ferguson at such sale amounted to an equitable estoppel. He could easily have disclosed his interest therein, if any he had; and to permit him subsequently to take advantage of his silence at and acquiescence in the sale of the property by Bunce, would be promoting fraud and injustice. (Newman v. Hook, 37 Mo. 207; Taylor *et al.* v. Zepp, 14 Mo. 482; McDermott v. Barnum *et al.*, 19 Mo. 204; Wendell v. Van Rensselaer, 1 Johns. Ch. 353; Riley v. Miami Ex. Co., 5 Ohio, 333; Buckingham v. Dille, 10 Ohio, 288; Carter v. Longworth, 4 Ohio, 384; Huntsucker v. Clark, 12 Mo. 333.)

WAGNER, Judge, delivered the opinion of the court.

The plaintiff filed his petition in the nature of a bill in equity in the Circuit Court, for the purpose of vesting in him the title to certain real estate therein mentioned. The case, as made out by the pleadings and proofs, shows that one Seely in his lifetime was the proprietor and owner of a lot in the town of Tipton, and that he verbally sold one-half of the same to one Vancise; that Vancise took possession thereof, and erected improvements on the same; that he paid the purchase-money, but received no deed. Subsequently he became indebted to Seely, and left the premises and removed to Illinois, leaving, however, an agent to control the property.

Seely having died, Bunce administered on his estate and obtained judgment on the debt against Vancise, and caused his equitable interest in the lot to be sold to satisfy the same, and Ferguson became the purchaser, and received a sheriff's deed therefor. Afterward an order was made by the Probate Court authorizing the administrator to sell the real property of Seely for the payment of debts. Bunce, the administrator, proceeded to advertise and sell the whole of the lots in controversy as the property of Seely's estate, and Shropshire, who is one of the defendants, became the purchaser for the sum of $550, which the testimony shows was about the full value of the lot. At the administrator's sale, Ferguson, who had purchased the interest of Vancise when the same was sold by the sheriff, appeared and

was one of the bidders. His bid was the next highest to Shropshire's. At the time of the sale he said nothing about his interest, and did not proclaim that he had any claim or title to the lot. He then sold and transferred by quit-claim whatever interest he possessed in the lot to Rice, the plaintiff, but the whole testimony goes to prove that Rice has never paid or parted with any consideration for the same.

· Upon this state of the record the court below gave judgment for the defendants, and the plaintiff sued out his writ of error.

It is insisted by the counsel for the plaintiff in error that although Ferguson was present and bid at the sale, and entered into the competition without in any way indicating that he made any claim to the property being sold, still neither he nor his grantee are estopped by that action. I have examined the authorities he has referred to, and find that they do not sustain the position for which they are cited. They are all clearly distinguishable from this case. I will refer to only two to show their difference. The others may be classed in the same category.

In Goodson v. Beacham, 24 Ga. 150, Beacham had title to a lot of land. The interest of Goodson in the lot was levied on. At the sale Beacham gave notice of his title, but was a bidder for the lot, which was knocked off to a third person, and it was held that upon these facts Beacham was not estopped from asserting his title to the lot against the purchaser. But here it will be observed that due notice was given of the claim or title set up, and that the party buying was not misled or kept in ignorance by Beacham's action.

The case of Hill v. Epley et al., 31 Penn. St. 331, is to the same effect. That case decides that a tenant in common whose deed is on record, and who, being present when the land is put up at sheriff's sale under a judgment against his co-tenant, causes notice to be given that it was only the interest of the judgment debtor that was being sold, is not estopped from asserting his title against the purchaser. Here, again, the notice was given so that the purchaser was not deceived or misled.

The important and primary ground of estoppel by matter *in pais*, is that it would be fraud in a party to assert what his previous conduct had denied, when on the faith of that denial

Rice v. Bunce, Adm'r of the estate of Seely, et al.

others have acted. (Campbell v. Johnson, 44 Mo. 245; Chouteau v. Goddin, 39 Mo. 229; Taylor v. Zepp, 14 Mo. 482; Newman v. Hook, 37 Mo. 207.)

The element of fraud, though said to be essential, may exist in either of two ways: first, in the intention of the party estopped; or, second, in the effect of the evidence which he attempts to set up. Thus, if a person encourages another to purchase either land or a chattel, he cannot afterward assert any title in himself to the thing purchased, although he may have been ignorant of his rights when he gave the encouragement; for though there may have been no fraudulent intent, yet the assertion of his title would operate as a fraud, in the same manner as if there had been a fraudulent purpose. In some cases silence is equally effective in estopping a party against speaking afterward. But if no one has been misled to his hurt, if no injury has arisen from the conduct, declarations, or silence of a party, he will not be estopped from contradicting them. It has been said that if, therefore, the truth be known to both parties, or if they have equal means of knowledge, there can be no estoppel. And it has been ruled that silence does not estop when the party's deed is on record. But it should not be forgotten that there is a wide difference between silence and encouragement. A person whose deed is on record might be permitted to remain silent, but if his land is put up for sale, and without any notification he enters the list of bidders and induces and encourages others to bid and expend their money in its purchase, he ought not to be allowed to set up anything to the detriment of those who have been guided in their action by his conduct. But there is nothing in this transcript to show that the sheriff's deed to Ferguson was ever recorded. There is no certificate of recording indorsed upon it, nor does it appear that it was ever filed for record.

The question of notice is unimportant and immaterial, so far as the plaintiff Rice is concerned. The evidence clearly proves that he has not paid the purchase-money or parted with any valuable consideration, and in such a case he is not entitled to relief on account of not having any notice. (Bishop v. Schneider, 46 Mo. 472, and cases cited )

The judgment will be affirmed. The other judges concur.