————o————

ELIZABETH L. SWEANEY, *et al.*, Respondents, *vs.* GRANVILLE H. MALLORY, *et al.*, Appellants.

62 485
86a 679
d86a 682
62 485
176 ¹ 86

1. *Administration—Mortgage—Sale by administrator—Subrogation—Dower.—* A widow sued for dower in land sold by the administrator of her husband, out of the proceeds of which sale a judgment on a mortgage by husband and wife was satisfied, and the purchaser claimed that he should be subrogated to the rights of the mortgagee. *Held,* that the purchaser could not be subrogated. (Jones vs. Bragg, 33 Mo., 337.)

2. *Estoppel—Dower—Sale of land by administrator—Assent of widow.—*Where an administrator sells land, representing it to be free of incumbrances, and the widow being present assents to this statement, and states that it will be sold free of her claim of dower, she is estopped from subsequently claiming dower in the land sold.

### *Error to Clinton Circuit Court.*

*John Conover*, for Plaintiff in Error.

I. If a dowress is guilty of fraudulent practices in inducing the purchaser to take the estate under a belief that she waives her dower, she will be estopped from afterward claiming dower. (2 Scrib. Dow., 257; Deshler vs. Beery, 4 Dal. [Pa.], 300; Dougrey vs. Topping, 4 Paige, 94; Lawrence vs. Brown, 1 Seld., 394; Wood vs. Seely, 32 N. Y., 105; Smiley vs. Wright, 2 Ohio, 506; Ellis vs. Didon, 1 Cart [Ind.], 561; S. C., 1 Smith [Ind.], 354; Storrey vs. Bank of Charleston, 1 Rich. Eq. [S. C.], 275; Sto. Eq. [11 ed.], §§ 385, 385a, 1546; 4 Kent Com. [9 ed.], t. p. 287, n. *b.*; 3 Thos.

Coke, t. p. 342; Fonbl. Eq., 163; Wendall vs. Van Ran-
sellaer, 1 John. Ch., 353; Skinner vs. Stouse, 4 Mo., 93;
Taylor vs. Zepp, 14 Mo., 482; Lindell vs. McLaughlin, 30
Mo., 28; Newman vs. Hook, 37 Mo., 207; Rice vs. Bunce,
49 Mo., 231; Chouteau vs. Goddin, 39 Mo., 229–250; Hunt-
sucker vs. Clark, 12 Mo., 333, 339; Norton vs. Kearney,
10 Wis., 397; Darrell vs. Odell, 3 Hill., 319; Chynowith
vs. Tenney, 10 Wis., 397; Racine Co. Bk. vs. Lathrop, 12
Wis., 466.)

*James L. Davis,* for Defendant in Error.

I. The widow's admissions were made under a misappre-
hension of her legal rights, and therefore do not affect her.
(14 Mo., 482; 24 Mo., 254.)

II. The doctrine of subrogation is inapplicable to this
case.   (Jones vs. Bragg, 33 Mo., 339.)

WAGNER, Judge, delivered the opinion of the court.

This was a suit brought by plaintiff, formerly widow of
George Mallory, deceased, for the assignment of dower in
the real estate of which her late husband died seized and
possessed.

The defendants in their answer alleged, that in his life
time George Mallory mortgaged the land (in which mortgage
plaintiff Elizabeth joined, relinquishing her right of dower), to
secure the payment of a debt of one thousand dollars, and died
leaving the debt unpaid; that the holder of the debt and mort-
gage obtained a judgment therein in the circuit court against
George Mallory's administrator for the sum of about thirteen
hundred dollars, and foreclosing the equity of redemption to
the said lands.   Afterwards, the administrator obtained an
order from the probate court for the sale of the real estate,
and in pursuance of that order he exposed the same for sale
to the highest bidder; that the administrator caused the ab-
solute title to be sold, including the dower of the plaintiff,
who was present at the sale and assented to the same, and
admitted that the sale was absolute and free from her claim

of dower, and that the purchaser would acquire an absolute title, free from any claim of dower on her part; that one of the defendants, Ray, relying on the assent and admissions of the plaintiff, was induced to purchase the said real estate in good faith and for full value at the price of one thousand seven hundred and eighty two dollars and fifty cents, and that he received a deed from the administrator for the same; that out of the purchase money the amount due on the mortgage and judgment was paid, and that defendant went into possession of the lands, and made valuable and lasting improvements on them, for which reasons the plaintiff should be estopped from claiming dower in the premises. The answer further claimed that defendant was entitled to be subrogated to all the rights of the mortgagee.

All the above recited and foregoing parts of the answer were stricken out as constituting no defense, and defendant excepted. The court then proceeded, and had dower assigned.

In the case of Jones vs. Bragg (33 Mo., 337), it was held that the doctrine of subrogation was not applicable to a case like this.

The only question then presented for our determination is, whether the matters alleged in the answer constituted an estoppel.

In his treatise on Dower, Mr. Scribner says: "It is a point upon which the authorities are generally agreed, that if the dowress is guilty of fraudulent practices in inducing the purchaser to take the estate under a belief that she waives her right to dower, she will be estopped from afterwards setting up her claim." (2 Scrib. Dow., 251.) Numerous cases are referred to by the author, which support the doctrine laid down in his text. In Dougrey vs. Topping (4 Paige, 94), where real estate of a decedent was sold by an administrator and administratrix under a surrogate's order, in which estate the administratrix was entitled to dower, and in the terms of sale it was stated that a clear and satisfactory title would be given, and the purchaser paid the full value of the premises

under a belief that he was obtaining a perfect. title, it was
held, that the silence of the administratrix as to her claim of
dower was such a fraud upon the purchaser as to preclude
her from afterwards setting up such claim against him, or his
assigns.   In determining the case the chancellor remarked as
follows: "As the administratrix joined in the report of the
sale to the surrogate, she must have been present at the sale,
either personally, or by her agent ; and must have seen the
written terms of the sale, in which it was stated that the pur-
chaser was to have a clear and satisfactory title.   It was the
brewery and lot on which it stood, and not merely the dece-
dent's interest therein, for which a clear and satisfactory title
was to be given to the purchaser, and that necessarily exclud-
ed the idea that the purchaser was to take the property in-
cumbered with a right of dower, which had then become
vested by the death of the husband.   It therefore seems to
be impossible, that any of the parties could have supposed
the purchaser was to take the property at its full value, and
yet that the claim of dower was not to be relinquished.   As
the defendant must have known that Vassar was paying his
money under a supposition that he was getting a perfect title,
if Mrs Topping did not intend to part with her dower, con-
science required her to speak, and silence under such circum-
stances was such a fraud upon the purchaser as to prevent
her from afterwards making her claim for dower in the
premises."

In Smiley vs. Wright (2 Ohio, 506) the widow was present
at a sale of her husband's lands by his administrator and con-
sented that the sale might be made free from her claim of
dower.   The purchaser, relying upon this promise, bid off the
property at a much larger sum than he would otherwise have
paid.   A bill for dower afterwards brought by the widow
was dismissed.   The court in disposing of the case, said:
"It is a well established principle in equity, that if a person,
having a right to an estate, permit or encourage a purchaser
to buy it of another, the purchaser shall hold it against the
person who has the right ; and the rule prevails even against

*feme coverts* and persons under age.    It is contended on the part of the complainants, that the acts and declarations of Mrs. Smiley, at the time of the sale of the lots in question, ought not to bar her of the aid of a court of equity, because she was at that time ignorant of her rights, nor can they be considered as a fraud upon the purchaser, as he had notice of her title.    It is unnecessary to consider whether a person having legal title to lands, who encourages the sale by another, shall be permitted to show his ignorance of that title, to the prejudice of a *bona fide* purchaser for a valuable consideration, as we are already of the opinion that the evidence does not prove Mr. Smiley's ignorance of her rights at the time of the sale by the administrator.    *    *    *    If she had not in fact relinquished her right of dower, her standing by, permitting the property to be sold free of dower without asserting her claim, was calculated to deceive and defraud the purchaser, and did induce him to pay a much larger sum for the property than he would otherwise have given.    He believed that she had relinquished her dower, and acted upon this belief.    To permit her to assert her title to dower against a *bona fide* purchaser for a valuable consideration, who was induced by her to purchase, because she has never executed any formal act of assignment or release of her dower, would be to aid her in the commission of fraud."

So in Ellis vs. Didon (1 Cart. [Ind.], 561), which was a proceeding for dower, and the defendant pleaded in bar, that the guardian of the heirs of the deceased husband obtained an order for the sale of the lands in which dower was claimed ; that the widow was present in court and concurred in the application for the order ; and that the premises were sold to the defendant, the widow receiving a portion of the purchase money in payment of her right of dower.    He further averred, that the widow was present at the sale, and heard the commissioner represent that the purchaser would receive a title free from all claims, and concurred therein, and gave no notice of any claim upon the estate.    It was held, if the matters so alleged were true, the petitioner was estopped from asserting a right of dower.

Many more cases might be cited to the same effect, but it is unnecessary.

Now the allegations in the answer are, that the administrator put up the real estate for sale representing that it was free from incumbrance, and that he would make a perfect title; that the plaintiff was present and assented to it, and stated that it would be sold free from her claim of dower, and that, relying upon the representation of the administrator, and the assent and declarations of the plaintiff, defendant purchased and paid full value for the premises. If these averments are true, they will undoubtedly estop the plaintiff from prosecuting her claim. She was at the time a *feme sole*, laboring under no disabilities, and to permit her to recover in the face of these facts would be enabling her to perpetrate a fraud upon the purchaser.

The court erred in striking out the answer and the judgment will be reversed and the cause remanded. All the other judges concur, except Judge Vories, who is absent.