HART, *Plaintiff in Error* v. GILES.

67 175
d86a 682

**Estoppel against a Claim of Dower.** A widow entitled to a dower interest in a city lot, and, although otherwise advised, believing that she had an interest therein, authorized proclamation to be made, at a public sale, for payment of debts by the administrator of her deceased husband, that she did not, and would not, claim dower in the lot, and that it was clear of dower. Relying upon the truth of this public announcement, which was made in the hearing of the widow, the purchaser bid the full value of the lot; *Held*, in a suit by her for admeasurement of dower, that these facts amounted to an estoppel *in pais*, and precluded her recovery.

*Error to Marion Circuit Court.*—HON. JOHN W. HENRY, Judge.

*Lipscomb & Anderson and Jos. L. Hart* for plaintiff in error.

*James Carr and R. P. Giles* for defendant in error, on the subject of estoppel generally, cited 1 Greenlf. Ev. (12th Ed.) § 207, p. 236 ; *Campbell v. Johnson*, 44 Mo. 247 ; *Chouteau v. Goddin*, 39 Mo. 229 ; *Taylor v. Zepp*, 14 Mo. 482 ; *Newman v. Hook*, 37 Mo. 207 ; Broom's Leg. Max. (6th

Am. Ed.) pp. 222, 288; 1 Story's Eq. (7th Ed.) §§ 384, 385, p. 372; *Rice v. Bunce,* 49 Mo. 231; *Jones v. Powell,* 6 John. Ch. 194; *Landrum v. The Union Bank,* 63 Mo. 48; *Collins v. Rogers,* 63 Mo. 515; *Evans v. Snyder,* 64 Mo. 516; *Skinner v. Stouse,* 4 Mo. 93; *Lindell v. McLaughlin,* 30 Mo. 28; *Welland Canal Co. v. Hathaway,* 8 Wend. 480; *Willing v. Brown,* 7 S. & R. 467; *Livingston v. Byrne,* 11 Johns. 555; *Huntsucker v. Clark,* 12 Mo. 333; *Rutherford v. Tracy,* 48 Mo. 325; *Lackland v. Stevenson,* 54 Mo. 108; *Moreman v. Talbot,* 55 Mo. 392.

2. A doweress may be estopped from claiming dower if, by her words or conduct, she induces a purchaser to take the estate under a belief that she waives her dower. *Sweany v. Mallory,* 62 Mo. 485; 2 Scribner on Dower, 251, 257; *Dougrey v. Topping,* 4 Paige 94; *Smiley v. Wright,* 2 Hammond (Ohio) 506; *Gatling v. Rodman,* 6 Ind. 289; *Stoney v. Bank of Charleston,* 1 Rich. Eq. (S. C.) 275; *Ellis v. Diddy,* 1 Carter (Ind.) 561; *Wood v. Seely,* 32 N. Y. 105; *Lawrence v. Brown,* 1 Selden (5 N. Y.) 394; *Deshler v. Beerry,* 4 Dall. (Pa.) 300.

3. A person may be estopped, although ignorant of his rights. Simple silence is equally effectual with words or conduct, where one is acquainted with his rights. Hermann on Estoppel, Sec. 416, p. 417; Sec. 417, p. 418; *Storrs v. Barker,* 6 Johns. Ch. 166; *Lyon v. Richmond,* 2 Johns. Ch. 51; *Shotwell v. Murray,* 1 Johns. Ch. 512; *Tilton v. Nelson,* 27 Barb. 595, and cases *supra.*

NORTON, J.—This suit was brought in the Marion county circuit court, in July, 1868, for an admeasurement of dower in lot 4, in block 37, in the city of Palmyra. Plaintiff avers in her petition that she is the widow of Morgan Hart, who, in his lifetime, bought lots 4, 5 and 6 in block 37 in said city, from Reed & Perrin, the owners, on credit, and gave his five several notes for $500 each for the purchase money, the vendors executing to him a bond for conveyance of the title on payment of the purchase

money; that under his purchase he went into possession and afterwards paid three of said notes, and died in possession of the lots. The answer admits the contract of purchase, the payment of $1,500 of the purchase money, which was $2,500, and that Hart died in possession. It avers that Hart's personal estate being insufficient to pay his debts, his administrator, under the statute, procured an order of the county court for the sale of the lot in question, and under said order sold the same on the 1st day of January, 1855, at public sale, to one Richard C. Martin; that plaintiff was present at said sale and authorized the auctioneer to proclaim to the bidders that she did not claim any dower in the property, that she would not claim any dower, and that it was clear of dower; that plaintiff was present and heard such proclamation, and remained silent; that Martin, the purchaser, heard said proclamation and bought the lot at the price of $1,830, which was its full value, and that he would not have paid that price if said statement had not been made by the auctioneer; that plaintiff delivered possession of the lot to Martin immediately after the sale; knew that it was bought by him on the faith of the representations that plaintiff would claim no dower; that plaintiff has ever since lived in the neighborhood of the lot, and did not, from that time to the commencement of the suit, assert any claim to dower, although valuable improvements were made thereon; that Martin afterwards, in 1856, sold his interest in the property to one Williams, who paid off Hart's two notes to Reed & Perrin, and received from them a conveyance to said lot; that Williams was present at the administrator's sale and heard the statements made by the auctioneer; that he afterwards, in 1865, sold and conveyed the lot to defendant, Giles, who had no notice of any claim of dower on the part of plaintiff. The replication of plaintiff denies the matter set up in the answer by way of estoppel, and avers that the statements made by the auctioneer were made on his own responsibility, and on the idea that she had no

dower, because her husband had not paid all the purchase money. The issues presented by the pleadings having been submitted to a jury and being found for defendant, the court rendered judgment accordingly, and plaintiff brings the cause here by writ of error. The evidence offered on the trial clearly establishes that the administrator of Hart, under an order of the county court for the sale of his real estate, to pay debts, offered the lot for sale in the forenoon of the 1st day of January, 1855, and that it was not then sold because no person bid; that it was again offered for sale in the afternoon of the same day, and that previous to any bidding, a proclamation was made by one Hatcher, the son-in-law of plaintiff, and the auctioneer who cried the sale, that Mrs. Hart did not, nor would not claim dower therein, and that the property was clear of dower; that this proclamation was made in the hearing of the bidders, and also of the plaintiff, who was across the street, a distance of 80 feet from the place where the property was being cried off, and that she made no objection; that Martin, who purchased the lot in controversy, heard what was said by the auctioneer, and bid on the strength of it, the full value of the property, and would not have bid otherwise; that plaintiff surrendered the possession soon after the sale and had lived ever since in the immediate vicinity, without asserting any claim to dower, till thirteen years afterwards, when this suit was brought. It is, however, insisted by counsel that the evidence does not show that the statements made by the auctioneer at the time of the sale were authorized by plaintiff, and that even if they were, she is not bound by them because made in ignorance of her rights. On these points the evidence is somewhat conflicting. The auctioneer testifies that he was fully authorized by plaintiff to make the proclamation; that after the failure to sell in the morning, he called upon plaintiff for the purpose of getting her consent to allow the property to be sold without any claim of dower, and that while from lapse of time he could not remember the

exact words used, they gave him full authority to sell it in that way. On the other hand, the plaintiff, while she admitted having had at that time a conversation with Hatcher on the subject of the sale of the lot, denies argumentatively, that she consented that it should be sold free from her claim of dower, as both the administrator and Hatcher had told her she had no dower in it. The evidence of Hatcher, the auctioneer, is strongly corroborated by the fact that plaintiff, whose presence across the street when the auctioneer proclaimed that she would claim no dower, was proven by a disinterested witness, remained silent and interposed no objection; and by the further fact that she surrendered the possession after the sale and acquiesced in it for the period of thirteen years. But it is said that, if the auctioneer was thus authorized, the plaintiff conferred the authority while she was in ignorance of her rights, and was under the belief that she had no dower. We think this position is not borne out by plaintiff's own evidence, for while she swears that Hatcher and the administrator had told her she had no dower, and wished her to consent to the sale, she says: "She had an idea that she had some interest, and was very careful." The evidence strongly tends to show that plaintiff had full knowledge of what had been paid on the property by her husband in his lifetime, what was still to be paid, and of all the circumstances out of which her right of dower might arise; and that, notwithstanding the adverse opinion of others as to her right of dower, she had an opinion of her own that she had some interest in it.

These facts thus in proof, amount to an estoppel *in pais* and to allow plaintiff to claim now what she then yielded, would operate as a fraud upon the party acquiring a right at her solicitation. Actual fraud is not necessary to create an estoppel. The principle is designed for the benefit of one who is misled to his prejudice, and the injury to him is the same, whether his informant deluded him through ignorance, mistake or willful misrepresenta-

tion. Ordinarily, one who makes a representation to another for the purpose of influencing his conduct, assumes that it is true, and it may be questioned whether he can defend on the ground that he acted without knowledge in making it. Such an one would be concluded from denying his own acts or admissions which were expressly designed to influence the conduct of another, and did so influence it, especially when such denial would operate to the injury of the latter. *Tilton v. Nelson*, 27 Barb. 595; *Welland Canal Co. v. Hathaway*, 8 Wend. 480; *Rice v. Bunce*, 49 Mo. 231; *Sweaney v. Mallory*, 62 Mo. 485; *Evans v. Snyder*, 64 Mo. 516; 63 Mo. 48. In *Storrs v. Baker*, 6 John. Chy. 166, it is declared to be the rule in equity that ignorance of one's legal right does not take the case out of the rule, when the circumstances would otherwise create an equitable bar, and that he who encourages another to buy of a third person a right to which he has himself a title is to be postponed in equity to such a purchaser. It is, however, unnecessary to determine in the case before us, what effect, if any, the ignorance of plaintiff as to her right of dower would have, inasmuch, as before indicated, it appeared that plaintiff not only had knowledge of her husband's purchase of the lot in question, but believed she had an interest in it, although she had been otherwise informed, and for that reason, as she herself says, was very careful in what she said in the interview with the auctioneer just before the lot was offered for sale. We think the judgment was for the right party, and it is hereby affirmed, in which the other judges concur.

AFFIRMED.