### PARLIN *et al. v.* STONE *et al.*

(*Circuit Court, W. D. Missouri, W. D.* June, 1880.)

1. ESTOPPEL IN PAIS—FALSE REPRESENTATIONS—MORTGAGES.
   An owner of lands who induces his creditor to accept as security a mortgage thereon from a third person, by representing that the third person is the owner, is estopped to claim the lands as against the lien of the mortgage.

2. EQUITY—REFORMATION OF INSTRUMENTS.
   When a mortgage shows on its face that the consideration moved from a certain person, and it appears that his name as mortgagee was omitted by mistake, equity will reform the instrument by inserting his name.

In Equity. Bill to reform and foreclose a mortgage.
*Waters & Winslow,* for plaintiffs.
*Botsford & Williams,* for defendants.

McCRARY, J. This cause has been argued and submitted for final decree upon the merits. The plaintiffs bring their suit in equity to reform and foreclose a mortgage. The following are the material facts established by the proof: (1) Defendant John L. Stone was indebted to plaintiffs in the sum of about $1,600, part of which was his individual debt, and the balance was the debt of John L. Stone & Co. (2) This indebtedness was partially secured by collateral notes turned out by defendants. (3) Plaintiffs called upon said John L. Stone for additional security, and after some negotiation it was agreed that they were to have a mortgage on two tracts of land. (4) The defendant John L. Stone represented to the plaintiffs that one of the said tracts of land was defendants' property, and that the other tract was the property of his son Jeremiah Stone, and of record in his name. (5) Relying upon these

representations, the plaintiffs accepted two mortgages, one of which was executed by defendant John L. Stone, and the other by defendant Jeremiah Stone; the latter being the mortgage sued on in this case. (6) The representation of said John L. Stone, that the title to one of said tracts was in his son Jeremiah Stone, was not true in fact. The title to said tract was at the time in said John L. Stone, who had executed a deed to his son Jeremiah, which had never been delivered, and has never since been delivered, but has probably been destroyed. (7) In executing the mortgage sued on, the names of the plaintiffs, as mortgagees, were omitted by mistake.

Upon consideration of these facts, and the law applicable thereto, I have reached the following conclusions:

1. That plaintiffs are entitled to decree reforming the mortgage sued on, by inserting the names of plaintiffs as mortgagees, in accordance with the intention of the parties to the instrument. It is insisted by counsel for defendants that, inasmuch as no grantee is named in the mortgage, the instrument is void, and the defect cannot be cured by parol evidence. This point is not well taken, since it appears upon the face of the mortgage itself that the consideration for the mortgage moved from the plaintiffs; that it was given to secure a debt due to them; and that the omission to fill the blank left for the insertion of the names of the grantees, with the names of plaintiffs, was a mere oversight.

2. Inasmuch as the defendant John L. Stone, by his acts and representations, induced plaintiffs to believe that the land in controversy had been conveyed to Jeremiah Stone, and inasmuch as, acting upon that belief, the plaintiffs extended the time for the payment of their debt, and took a mortgage upon said land executed by said Jeremiah Stone to secure the same, John L. Stone is estopped to claim the land as against the lien of said mortgage. This, upon the doctrine of estoppel *in pais.* It would be a fraud upon the plaintiffs to permit said John L. Stone now to deny what by previous declarations and conduct he asserted, when on the faith of his representations the plaintiffs have acted. A person having title to real estate, who represents another as the owner, and thereby induces a third party to accept from that other a conveyance by deed or mortgage for a valuable consideration, is in equity bound by such conveyance, and is not permitted to set up his own title against it. *Rice* v. *Bunce,* 49 Mo. 231; Story, Eq. Jur. § 385; *Sweaney* v. *Mallory,* 62 Mo. 485; *Hart* v. *Giles,* 67 Mo. 175.

3. Inasmuch as the plaintiffs have received and collected certain collateral notes assigned to them as security for this debt, an account should be taken before a master or otherwise, as the court may direct, to ascertain the sum due the plaintiffs, and decree should be rendered reforming the defective mortgage, and foreclosing the same as against all the defendants, including the said John L. Stone. The other defendants named, who are subsequent purchasers, are clearly shown to have purchased with notice of plaintiffs' equities.