### FERN v. OSTERHOUT et al.

(Supreme Court, Appellate Division, Third Department. December 15, 1896.)

1. DOWER—BAR BY FORECLOSURE JUDGMENT.

    In an action against a wife personally and as executrix of her husband and his next of kin for foreclosure of a purchase-money mortgage, executed by him alone during coverture, the only allegation in the complaint that it was a purchase-money mortgage was a recital in the description of the premises, taken from the mortgage, "This mortgage is given to secure a portion of the purchase money of the above-described premises," and at the end alleged that defendants claimed some interest in or lien upon the premises, and that, if they had any, it had accrued subsequently to the mortgage. *Held*, that the complaint was insufficient to raise the issue of the wife's right to dower so as to render a judgment of foreclosure against her by default a bar of her right of dower in the land.

2. SAME—ESTOPPEL.

    Where a judgment of foreclosure of a purchase-money mortgage in foreclosure proceedings to which the widow was a party is insufficient to bar dower because allegations of the complaint are insufficient to raise the issue of her right to dower, the facts that she was present at the foreclosure sale, at which the officer making the sale announced that it was a foreclosure sale of a purchase-money mortgage, and that she made no claim of her right of dower in the land, will not estop her from subsequently claiming dower in the land as against the purchaser.

3. SAME—BAR.

    Where a husband owning part of a tract of land during coverture purchases the remainder, and gives a mortgage, in which his wife does not join,

on the entire tract for the purchase price, a judgment against her by default
in an action against her after his death personally and as executrix cannot
bar her right of dower in that part of the tract included in the mortgage
which he owned at the time of the purchase.

## Appeal from judgment on report of referee.

Action by Elizabeth Fern against Abram J. Osterhout and others
to recover dower in land.   From a judgment dismissing the com-
plaint with costs, plaintiff appeals. . Reversed.

In the year 1853, one James Fern died intestate in the town of Milford, Otsego
county, N. Y., seised and possessed of the real estate described in this action,
and leaving him surviving George Fern, James Fern, and Andrew Fern, his
only children and heirs at law. In September, 1875, Andrew Fern and his wife
conveyed his interest in the premises described in the complaint to George
Fern. In November, 1875, George Fern was married to Elizabeth Fern, the
plaintiff in this action. In March, 1881, James Fern conveyed his interest in the
premises described in the complaint to George Fern, and on the same day George
Fern executed and delivered to James Fern a bond and mortgage conditioned
for the payment of $1,891.35, being a security for the payment of the purchase
price of James Fern's interest in said premises, and was described as being a
purchase-money mortgage. In April, 1885, George Fern borrowed of the de-
fendant Welthy S. Marble the sum of $1,300, for the purpose of paying and
satisfying the bond and mortgage given to James Fern, and paid said bond and
mortgage with such money, whereupon said bond and mortgage were satisfied
and discharged. At the time of borrowing said sum of $1,300 from Marble, the
said George Fern executed and delivered to said Marble a bond and mortgage
conditioned for the payment of the sum of $1,300 and interest, which mortgage
covered and described the premises described in the complaint, and which mort-
gage contained the following recital: "This mortgage is given to secure a por-
tion of the purchase money of the above-described premises." At the time of
borrowing said money from Marble, and the execution and delivery of the bond
and mortgage as security for the payment thereof, no part of the consideration
of the mortgage given by George Fern to James Fern to secure the purchase
price of James Fern's interest in the premises described in the complaint had
been paid. The plaintiff was not a party to the mortgage given to James Fern,
nor to the mortgage given to Marble. George Fern died intestate at the town of
Milford, in the month of March, 1889, leaving him surviving the plaintiff, his
widow, and his brothers, James and Andrew Fern, his only heirs at law and
next of kin. Letters of administration upon the estate of George Fern were
issued to Elizabeth Fern, the plaintiff, in the month of April, 1889. She duly
qualified, and entered upon the discharge of her duties as such administratrix.
In December, 1889, default having been made in the payment of the money
secured to be paid by the bond and mortgage given by George Fern to the de-
fendant Marble, an action was commenced in the supreme court by the said
Marble to foreclose such mortgage. Elizabeth Fern, as administratrix of George
Fern, deceased, and Elizabeth Fern individually, and others, were the defendants
in such action. The plaintiff, neither as administratrix nor individually, made
any answer to the complaint or appeared in such action, and such proceedings
were had therein that a judgment of foreclosure was obtained on the 14th of
March, 1890. The premises described in the complaint were sold at public auc-
tion, and were purchased by the defendant Abram J. Osterhout for the sum of
$1,704. A referee's deed was thereupon given to him, and he entered upon the
possession of the premises, and was so in possession at the time of the com-
mencement of this action. The plaintiff was present at the time of the sale of
the premises under the judgment of foreclosure, and at such sale the referee
announced that the sale was made under a purchase-money order. The plaintiff
remained silent, and made no claim at that time that she had any right of dower
in or lien upon the premises. Thereafter, and in April, 1893, the plaintiff com-
menced this action for the recovery of her dower rights in the premises described
in the complaint. The defendants, Marble and Osterhout, made separate
answers. The action was referred to a referee, and, after a trial had, he directed
that a judgment should be entered dismissing the complaint. Upon the trial the

plaintiff filed with the referee her written consent to accept a gross sum in satisfaction and discharge of her right of dower in the premises described in the complaint.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

R. M. Townsend, for appellant.
Gibbs & Wilbur and W. J. Palmer, for respondents.

HERRICK, J. The theory of the peculiar and superior lien of a purchase-money mortgage is: First, that it is equitable, that the premises purchased should be the primary security for the payment of its own purchase price; and, second, that the deed of conveyance and the mortgage to secure the purchase price are each regarded as part and parcel of the same transaction, and that no interval of time elapses between the giving of the deed and the giving of the mortgage during which any other claim or right can intervene and attach to the property. Therefore it follows that the lien of a purchase-money mortgage, as such, extends no further than to the specific property whose purchase price is secured by the mortgage. At the time George Fern purchased from James Fern his interest in the° premises in question, and gave him a purchase-money mortgage to secure the purchase price, he was already the owner of two-thirds of the farm, and the plaintiff had a right of dower therein, and by giving a mortgage upon the entire farm to secure the purchase price of one-third of it, and describing the mortgage as a purchase-money mortgage, the lien of the mortgage as a purchase-money mortgage, was not extended to the other two-thirds of the farm, and the dower right of the plaintiff rendered subordinate to the mortgage. And, assuming the fact that George Fern borrowed money ·of the defendant Marble for the purpose of paying the mortgage to his brother, James, and that thereby Marble became equitably subrogated to the rights of James Fern, and that the mortgage given to him to secure the payment of the money so borrowed took the place of the mortgage to James Fern as a purchase-money mortgage, he could equitably· acquire no greater lien or interest than James Fern possessed by virtue of his mortgage; and assuming, for the purpose of this appeal, that it was equitably a purchase-money mortgage, it was a lien, as such, upon only one-third of the premises in question. Courts have always been tender of the right of dower, and solicitous to protect it. Coke said: "There be three things highly favored in law: life, liberty, and dower." Co. Litt. 124b. The right of dower can only be cut off or barred by the clear, unequivocal act of the dowress herself, or by proceedings where such right of dower is clearly and legally brought in question.

In this action it is claimed that the proceedings in foreclosure under which the premises were sold, and to which proceedings the plaintiff was made a party, extinguished her right of dower. It has been held that an action ·of foreclosure is not a proper proceeding in which to determine the right of dower, and that a judgment in such an action, wherein the widow is made a party, and

no specific allegations are made as to her dower, does not bar her right thereto. Lewis v. Smith, 9 N. Y. 502; Bank v. Thomson, 55 N. Y. 7; Nelson v. Brown, 144 N. Y. 384, 39 N. E. 355. In the case of Nelson v. Brown, the husband of the plaintiff left a will, whereby he devised and bequeathed unto his widow the use, income, profits, and rents of all his real estate during her natural life, to be enjoyed, accepted, and received by her in lieu of dower. She was made a party defendant in a proceeding to foreclose a mortgage executed by her husband in his lifetime, but which mortgage she did not execute. The complaint in foreclosure contained a general allegation to the effect that the defendant had, or claimed to have, some interest in the mortgaged premises, which had accrued subsequently to the lien of the mortgage. She did not appear or answer in the foreclosure proceedings. The judgment in foreclosure provided that the premises should be sold "subject to the dower therein of the defendant, Jeannette Nelson," following a finding of fact and conclusion of law to that effect. In speaking of the effect of the judgment rendered therein, and the sale had thereupon, the court said:

"The proceedings in the foreclosure action were ineffectual to determine the question of the plaintiff's right to dower in the mortgaged lands. * * * When, after her husband's death, the action of foreclosure was brought, though she was made a party defendant, the complaint tendered no issue upon her right to dower. The general allegation to the effect that the defendant had, or claimed to have, some interest in the mortgaged premises, which had accrued subsequently to the lien of the mortgage, could have no reference or relation to her dower right, if it existed; for it would have been a right paramount to that of the mortgage. It is not proper to say that the allegation had no meaning as to Mrs. Nelson, for, if she took only a life estate under the will of her husband, that would have been an interest which had accrued subsequently to the lien of the mortgage. If she accepted the provision for a life estate in the testator's real property in lieu of her dower, her interest in the mortgaged premises was subordinate to the mortgagee's. The question of competency of adjudicating in foreclosure proceedings upon a dower right has been passed upon in the case of Bank v. Thomson, 55 N. Y. 7. The wife there did not join in the mortgage, but she was a party defendant in the action to foreclose it, though there was no averment in the complaint relating to her. Folger, C. J., in the course of his opinion, said: 'A foreclosure action is not the proper mode to litigate rights claimed in priority or hostility to the mortgage. A judgment passing upon them is erroneous. A person claiming dower by title paramount to the mortgage cannot be brought into court in such a suit to contest the validity of her dower. The position is the same as if she had not been a party to the foreclosure action.' That opinion was founded upon the inadequacy of the proceeding to determine the question of dower; not only because of the nonexistence of any issue respecting the dower right, but because the wife could not be compelled to come into such a proceeding, and there litigate her rights. It is very evident, as no issue had been tendered nor made as to Mrs. Nelson's dower right, and as the question was not one which was essential or material to be decided in the foreclosure action, that no valid adjudication thereupon could be made."

In the cases cited, it will be observed that the persons subsequently claiming dower did not appear or answer, and, the proceedings being proceedings where it was not necessary for the purposes of the action to determine any question of dower, and being proceedings wherein it was improper to litigate a claim of dower, the dowress did not waive her rights as such by not appearing or answering in the proceedings where those rights were

not necessarily or properly to be passed upon. In this case, how-ever, it is claimed that the complaint was sufficient to charge her with knowledge that her right of dower would be barred by the judgment sought. And this claim is made upon the fact that in the complaint occurs this language: "This mortgage is given to secure a portion of the purchase money of the above-described premises." And it is contended that a purchase-money mortgage cuts off the right of dower, or, rather, that the right of dower does not exist as against a purchase-money mortgage; that these words were sufficient notice to her that it was intended to bar and fore-close her from all claim to dower. It seems to me that in plead-ings matter that is to foreclose and bar parties of any right, or which is relied upon as giving them notice that any right is to be questioned, the language which is intended to give such notice, and be effectual to bar such rights, should be clear and unequivocal, and well calculated to apprise the party of what is meant or intend-ed. In this case it is difficult to say whether the language in ques-tion is intended as an allegation of fact that the mortgage being foreclosed is a purchase-money mortgage. The complaint sets forth the execution and delivery of a bond and mortgage, and in describing the mortgage it alleges that the mortgagor granted, bargained, and sold to the plaintiff "the following described prem-ises, with the appurtenaces thereto; that is to say." Then follows a description of the real estate, which is a copy of the description of the real estate given in the mortgage. Following that occur the words I have above quoted, "This mortgage is given to secure a portion of the purchase money of the above-described premises." Then occurs the following: "The lands now in possession of the Albany & Susquehanna Railroad Company taken from the prem-ises herein described are excepted from the obligations of this in-denture." Then the complaint proceeds with allegations as to the conditions of the mortgage. Possibly, under our liberal rules as to the construction of pleadings, this might be regarded as a sufficient allegation that the mortgage was a purchase-money mort-gage, although, from the place in the complaint at which it appears, practically a part of the description of the mortgaged property; and, being merely a recital contained in the mortgage, it is well calculated to mislead. But all parts of the complaint must be read together. The last allegation of the complaint is upon information and belief that "said Elizabeth Fern, James Fern, Andrew Fern, and Mrs. Andrew Fern, his wife, the defendants, have or claim to have some interest in or lien upon the said mortgaged premises, or some part thereof, which interest or lien, if any, has accrued sub-sequently to the lien of said mortgage." This is not apt language to describe the interest of the plaintiff in the premises, or to give her notice that her right of dower is to be brought in question or cut off. It can hardly be said that her interest is subsequent to the lien of the mortgage. The most that can be said, treating the mortgage as a purchase-money mortgage, is that her interest is sub-ordinate to the lien of the mortgage. The last allegation—that her interest was acquired subsequent—destroyed whatever effect might

otherwise be given to the words, "This mortgage is given to secure a portion of the purchase money of the above-described premises." Coupling the two allegations together, I do not think that the complaint was sufficient to apprise her that her right of dower would be brought in question in these proceedings. She was not clearly notified that her right of dower was to be questioned. Again, it may be said that, while this was a purchase-money mortgage, it was only a purchase-money mortgage to the extent of one-third of the premises in question, and the plaintiff might properly rely upon that fact, and that the plaintiff in the foreclosure proceedings would not take any greater judgment than the lien of the mortgage justly entitled him to, and which would not affect her interest in the remaining two-thirds of the property. In a proceeding wherein it is not proper to determine the right of dower, and wherein the complaint does not in more specific terms set forth that such right of dower is to be brought in question, and wherein the dowress does not appear and litigate her rights, and thereby consent to the regularity of the proceedings, I do not think she can be foreclosed of her rights.

As to the proceedings upon the sale, where it was announced by the referee that the sale was under a mortgage for the purchase money, I do not think that her failure to announce at that time that she claimed any right of dower or lien upon the premises is sufficient to estop her from asserting her claim now. There is no evidence that she heard the announcement of the referee, and, if she had, it was not notice to her that her right of dower was to be cut off by such sale. If it is to be held that she is presumed to know the law, and therefore must have known that in law a purchase-money mortgage was superior to her right of dower, and that a sale under it would bar her dower, then she must be also held to have known that as a matter of law this mortgage was a purchase-money mortgage only as to one-third of the premises, and that the sale would not, in any event, bar her dower in the remaining two-thirds.

The judgment should therefore be reversed, the referee discharged, and a new trial granted; costs to abide the event. All concur.