MARGARET FOLEY, Appellant, v. ROBERT BOUL-
    WARE, Respondent.

St. Louis Court of Appeals, January 15, 1901.

1. **Dower:** DOWRESS PRECLUDED FROM ASSERTING DOWER BY FRAUDULENT PRACTICE. A dowress may be precluded from asserting her right to dower by fraudulent practices which have been relied on by a purchaser.

2. ———: ———: ESTOPPEL IN PAIS. But in such cases the essential elements of estoppel *in pais* must exist.

3. ——: ——: ——: FALSE REPRESENTATION. And there must have been a false representation of material facts made to the party who did not know them, or a concealment of them, for the purpose of inducing him to act relying upon such representation, or an impression left by the concealment, and he must have acted to his detriment.

4. ——: ——: ——. Where a deceased husband's interest in land is sold, there is no legal obligation in the widow to inform the purchaser at executor's sale of her right to dower.

5. Principal and Agent: AGENT, SCOPE OF AUTHORITY. For a person to be bound by the acts and representations of his agent, it must appear that they were made within the scope of his authority, or at least, in the apparent scope.

6. Administrator's Sale: CAVEAT EMPTOR. The rule of *caveat emptor* applies to administration sales, and the purchaser should investigate the title before buying.

Appeal from Clark Circuit Court.—*Hon. E. R. McKee,* Judge.

REVERSED AND REMANDED *(with directions).*

*Berkheimer & Dawson* for appellant.

(1) The rule of *caveat emptor* applies at judicial and administrator sales. Hensley v. Baker, 10 Mo. 157; Throckmorton v. Pence, 121 Mo. 50; Ramney v. Meisenheimer, 61 Mo. App. 434. (2) The public sale made by the administratrix was a sufficient sale to bind the purchaser, Boulware, under the statute of frauds, as the law will presume she did her duty and made a memorandum of the same, and especially when the agreed statement of facts is silent with this respect. White v. Watkins, 23 Mo. 423; Springer v. Klein, 83 Mo. 152; Stewart v. Garvin, 31 Mo. 36; Tatum v. Holiday, 59 Mo. 422. (3) This being the case, Boulware, under his purchase, was bound to pay his purchase price and receive his

deed or respond in damages. There is no evidence that Mrs. Foley, at the sale, made any representation whatever. All the cases holding that a widow is estopped from claiming dower is where she is at the sale and at the time affirmatively states to the purchaser that she will not claim any dower in the lands sold or about to be sold, making the statement to induce the sale. Sweaney v. Malory, 62 Mo. 485; Hart v. Giles, 67 Mo. 175. (4) To work an estoppel the representation must be plain and certain, and in reference to the past or present facts only and not to matters of law or opinion. 7 Am. and Eng. Ency. of Law, page 14, cases cited; Tillitson v. Mitchell, 111 Ill. 518; Moors v. Albre, 129 Mass. 129; Cronan v. Gore, 38 Mich. 381.

*W. T. Rutherford* and *C. T. Llewellyn* for respondent.

(1) A widow may be estopped from claiming dower by acts and conduct, the same as any other person. Tiedeman on Real Property, sec. 130. Sweaney v. Malory, 62 Mo. 485; Hart v. Giles, 67 Mo. 175. (2) There was every element of an estoppel in the acts and conduct of plaintiff at time defendant purchased the land in controversy. Grabill v. Bearden, 62 Mo. App. 459. (3) Mr. Bigelow, the first text-book writer on estoppel, lays it down as the better opinion that the following five conditions should concur to work an estoppel by conduct: (a) A misrepresentation or concealment of material facts. (b) That it is made with a knowledge of the facts. (c) That the party addressed was ignorant of the facts. (d) That the representation or concealment was made with the intent that the other party should act upon it. (e) That he did act upon it. (4) Some late cases agree in requiring the concurrence of all these conditions; but there are others in which neither knowledge of the true state of facts, nor an

intention that another party should act upon the misrepresentation, could be shown. Bigelow on Estoppel, 181, p. 480; Bynum v. Preston, 69 Texas 287.

GOODE, J.—The appellant, who is the widow of James Foley, deceased, seeks to have dower assigned to her in sixty acres of land, whereof he died seized. This land was sold under an order of the probate court of Clark county, in which the estate was administered to pay Foley's debts, and was bought by the defendant. The widow was administratrix. The defense to the action is that she is estopped to maintain it, because she sold the land as administratrix, without giving notice of or asserting her claim to dower, and as the answer states; "at said sale assured the defendant that she was conveying him a good, clear and satisfactory title to the within mentioned and described land." The evidence in support of this allegation of the answer, was a conversation between the plaintiff's attorney, Mr. Berkheimer, who represented her in her capacity as administratrix, and the respondent Boulware, stated to have been in her presence. The only conflict in the evidence is about this conversation, which will be fully set out. Mrs. Foley, in effect, denied hearing it. Whatever the fact may have been in that regard, the result would not be affected in the view we take of the case.

There was first a public sale of the land, at which the respondent and John Grandstaff were joint bidders, but it was knocked off to one Theodore Montgomery at $450. The sale seems to have been cried for the administratrix, who was not present, by her agent Dawson. Afterwards Boulware and Grandstaff, who acted together throughout the transactions leading to Boulware's purchase, concluded that they were willing to pay $500 for the property, and at their instance Dawson had the sale to Montgomery disapproved by the pro-

bate court, and made a private sale to Boulware, with whom Grandstaff had an understanding that he might take the land off his hands when he raised the money.   Grandstaff testified that he asked Dawson what would annul the sale to Montgomery, and Dawson said $50 more; that he, Grandstaff, concluded to offer this sum, and thereupon a contract of sale to the respondent was made in his presence, but the deed was executed and the money paid later. · It was then the conversation between Mr. Berkheimer, attorney for the administratrix, and the respondent occurred, which is principally relied on to raise an estoppel against the plaintiff.   The only testimony about it is Boulware's own, which he relates as follows: "Mr. Berkheimer was making the deed; I says, 'I want you to give me a good title to this land.   I do not want any trouble about this afterwards.'   He says, 'I'll make you as good a title to this piece of land as was ever made to any piece of land in Clark county, and I'll risk my reputation as a lawyer on it.'   Mrs. Foley was sitting right to the side of Mr. Berkheimer, and a little back.   I suppose the conversation was loud enough for her to hear it.   I was not thinking about the title; she has some children that I thought might come in for something, is the reason I said that."

At the conclusion of the evidence, the plaintiff prayed and the court refused a peremptory instruction for a finding in her favor, and the question requiring consideration is, whether this was error; in other words, whether assuming that all the evidence introduced by the respondent was true, it showed conduct on the part of the appellant sufficient to constitute an estoppel to the present action.

It is settled law that a dowress, notwithstanding the partiality with which her estate has always been regarded, may be precluded from asserting it by fraudulent practices which have been relied on by a purchaser.   2 Scribner on

Dower (2 Ed.), 266; Sweaney v. Malory, 62 Mo. 485. But in such cases, as in all others where the doctrine is invoked, the essential elements of estoppel *in pais* must exist. There must have been a false representation of material facts made to the party who did not know them, or a concealment of them, for the purpose of inducing him to act relying upon such representation, or on the impression left by the concealment, and he must so have acted to his detriment. Blodgett v. Perry, 97 Mo. 263; Bigelow on Estoppel (3 Ed.), 484. There is nothing in the record to show that Mrs. Foley was aware she had a dower estate in the land, except a presumption that she knew the law, which would prevail with equal strength against Boulware, who testified that he knew she was James Foley's widow. It was drawn out by her cross-examination, that she was first informed of her right about a year before this action was instituted, or in 1897. The sale occurred in 1894. But had she known of it all along, the mere fact that she failed to notify the purchaser would not estop her. An owner, it is true, may be precluded from afterwards asserting title to property by standing by in the full knowledge of his ownership, while it is sold to some one else without notice or protest by him. But here it was not Mrs. Foley's interest in the land which was the subject-matter of the sale, but her deceased husband's, and there was no legal obligation on her to inform a buyer of her right to dower. Fern v. Osterhout, 42 N. Y. Supp. 450; Motley v. Motley, 73 N. W. 738. Nothing more than this is charged against her, except the remarks about the title which passed between Berkheimer and Boulware at the time the deed was written, and her remaining silent on that occasion.

It is to be observed that no evidence was adduced tending to prove that Berkheimer was authorized to make representations about the state of the title, much less the widow's dower,

as an inducement to purchasers. He represented her as attorney in her fiduciary capacity and, so far as appears, the proceedings leading up to the sale were simply the usual and ordinary ones attending all administration sales for the payment of debts under orders of the probate court. For a person to be bound by the acts and representations of his agent, it must appear that they were made while he was acting within the scope of his authority, or at least, in the apparent scope of it. Midland Lumber Co. v. Creeger, 52 Mo. App. 418. Whether what passed was meant as a request by Boulware to Berkheimer to use his skill as a lawyer in seeing that a good title was conveyed, which Berkheimer undertook to do, or was an expression of the latter's opinion or knowledge as to the character of the title Boulware would acquire, there is nothing to show that the plaintiff authorized the statement. Granting, however, that it was made in her presence, and that she heard it, would she be bound to speak? The element of fraud is not, perhaps, always essential to an estoppel *in pais* nor knowledge of the falsity of the statement relied on to constitute the estoppel; but where the only ground of the defense is acquiescence by the person against whom it is pleaded, in what was said or done by some one else, all the authorities are agreed that he must have had knowledge of his rights—must have been fully apprised of them. Herman on Estoppel, sec. 1062. "There is no such thing as estoppel *in pais* from failing to speak or act when the party did not know the facts which, if known, would have made it his duty to speak or act." "Silence without knowledge works no estoppel." These announcements of the law were approvingly quoted by our Supreme Court in Burke v. Adams, 80 Mo. l. c. 514. Any other rule would be irrational, for if a party did not know the facts, which it is claimed he ought to have disclosed, how was it possible for him to disclose them? One may be so remiss in

inducing another to act by erroneous statements believed to be true, but whose falsity he should have known before speaking, that he will be made to suffer the consequences of his carelessness. But where there is neither guile nor negligence he can not, in justice, be required to lose any right.

In Martien v. Norris, 94 Mo. 465, the plaintiff had been executrix of her husband's will and as such, in conjunction with her co-executor, sold certain land of the deceased husband's under a testamentary power. She believed at the time of the sale that her dower had been discharged by an estate in jointure, and so believing, both personally and through her agent, represented to the purchaser that the title was good and unquestionable. The land brought a fair price. On her instituting an action to recover dower, it was contended that she was estopped by these facts, but the court held the other way. One ground of the ruling was that the purchaser Norris, did not rely on the statement made to him, but on his own opinion that the widow had no interest. But the court likewise held that the declaration made to him by the plaintiff to the effect that "the title was perfect and unquestionable," could not have been understood by Norris to refer to the dower interest, but only to the title of the decedent.

Now, Boulware excludes the possibility that he was misled concerning Mrs. Foley's dower by Berkheimer's promise to make him a good title, because he said he never thought of that, but only of some claim by her children, thus showing conclusively that he was asking for, and believed that he was receiving, information about the title of the deceased husband. A case identical in principle with the present one is House v. Fowle, 22 Ore. 303, where the land was sold by the administrator of plaintiff's deceased husband to the defendant. The plaintiff told the defendant before the sale that the title was good and perfect, and gave no intimation that she claimed

dower, but there was nothing to show that she was acting in bad faith. The court held that the rule of *caveat emptor* applied to administration sales, as it does in this State and generally (Thockmorton v. Pence, 121 Mo. 50), and that the purchaser should have investigated the title before buying. The record is wholly barren of any evidence tending to prove that the plaintiff either made, or connived at the making of any false representations in order to deceive the respondent, or that she was informed at the time of her interest in the land. The doctrine of estoppel on account of simple silence can not be invoked against the party who was at the time in ignorance of his legal rights, or under a misapprehension about them. In addition to the authorities above cited on this point, see Taylor v. Zepp, 14 Mo. 482; Acton v. Dooley, 74 Mo. 63; Galbreath v. Newton, 30 Mo. App. 380.

In Burke v. Adams, supra, an estoppel was sought to be raised against the plaintiff who was trying to recover certain lands, because he was a member of the family of his uncle at the time when the agent of one De Forest, under whom defendant Adams claimed, procured a deed from said uncle, purporting to convey the title. The defendant was present, knew a deed was to be drawn, heard the talk about it, afterwards aided his uncle in moving from the premises, and knew that the defendant came into possession. It was urged that this was such acquiescence in the sale by the uncle of the land as his own, as precluded plaintiff from claiming it. But the court held that in the absence of evidence to prove an intention by the plaintiff to induce the defendant to purchase, believing the land belonged to his uncle, he was not barred.

The cases of Hart v. Giles, 67 Mo. 175, and Sweeney v. Malory, 62 Mo. 485, cited by the respondent, in which the widow was denied a recovery, contained facts showing she had expressly consented to the land being sold free from her claim

for dower. The effect of such a direct disclaimer by the widow of her interest is held by the authorities to be very different from those instances in which the title is represented as good and perfect without dower being clearly alluded to or specially mentioned. The distinction is just and in harmony with the principles underlying the law of estoppel. For where the right is distinctly waived, it is with knowledge on the part of the dowress that she can enforce it if she wishes, and to permit her to recover, after such disclaimer would be a fraud on the purchaser, who had bought relying on her words. The case presented by this record is not of that kind. The evidence is consistent with only two theories: That the respondent purchased the land subject to Mrs. Foley's dower, or that all parties acted in ignorance of, or without thought of her rights. In either event, there is no legal bar to her recovery. The judgment of the trial court is therefore reversed and the cause remanded to be proceeded with in conformity to this opinion, in which the other judges concur.