ISAAC H. TAYLOR'S HEIRS, Appellants, v. RICHARD S. ELLIOTT et al., Respondents.

*Mortgagee—Estoppel.*—Where the party beneficially interested in lands sold under a deed of trust to secure a debt, the sale of which was voidable because the lands were put up in a lump, subsequently induces a third party to purchase the lands from the vendee at the trustee's sale, he cannot afterward be allowed to attack the validity of the sale.

*Appeal from St. Louis Land Court.*

The facts are stated in the opinion.

*M. L. Gray*, with *Krum*, for appellants.

I. Both sales by the trustee were void. 1. The first sale was void because the different tracts were put up and sold in

one parcel, when they should have been sold separately. Had it been a sheriff's sale it would have been set aside. (7 Mo. 346; Conway v. Nolte, 11 Mo. 74.)  2. The second sale was clearly void.

*a.* The purchaser at the first sale, Brown, was not allowed to complete his bid and pay the money.

*b.* The trustee had no right to call for the money until he was ready to deliver the purchaser, Brown, a good and sufficient deed, properly executed and acknowledged, and until Brown had a reasonable time to examine the deed and judge of its sufficiency.  Brown's saying he had not the money was no refusal.  (Conway v. Nolte, 11 Mo. 74.)

II. The agreement between Newbury and Brown after the sale to Hickman does not take away the plaintiff's right to redeem.

This suit was brought before the agreement was made, and if Taylor were a party to the agreement he has not released his claim.  Newbury bought with notice by *lis pendens.* There was no stipulation about the suit.

*S. N. Holliday,* for respondent.

I. The judgment was for the right party and should be affirmed.

Brown bid in the property for Taylor & Mason for the purpose of defeating a sale that day, so that a further notice might be required.

II. The plaintiff induced Newbury to buy the property of Hickman, and cannot attack that sale under which Newbury bought.

BATES, Judge, delivered the opinion of the court.

This suit was brought by Taylor against Elliott & Hickman to set aside a sale made by Elliott, as trustee to Hickman.  Louis S. Robbins made a deed of trust to Elliott to secure the payment of several promissory notes, payable at different times.  The land conveyed was four different parcels of land in the town of Lowell, situate in four different

blocks, and each parcel of land was composed of eight lots. When the last note became due Hickman was the holder of it, and Elliott, the trustee, at his request sold the property as directed in the deed of trust. Taylor had before then purchased the property from Robbins, subject to the deed of trust. At the trustee's sale the property was bid for by G. W. Brown, and struck off to him for the sum of three thousand two hundred and fifteen dollars, and about one hour afterward the trustee offered to convey the property to Brown, exhibiting to him a deed signed but not acknowledged, and demanded the sum of money bid for the property. Brown failed to pay the money because he did not have it. He bought the property for Taylor & Mason, and expected Mr. Mason to furnish the money, and he had not done so. He understood Mr. Mason to be concerned in the ownership of the property, but what was his precise interest in the property does not appear in the case. Brown having failed to pay the money, the trustee returned to the place of sale and again put up the property for sale, and it was then sold to Hickman for one thousand dollars, and a deed made to Hickman by the trustee. At each sale the whole property was put up at one time, without being divided. The property was worth about ten thousand dollars, but at the first sale one Dr. Hall made proclamation that he had a claim against the property, which tended to injure the sale.

Afterward, and after this suit was brought, Brown, as the agent of Taylor & Mason, made an agreement with Newbury, whereby Newbury bought the property from Hickman, together with the note, (which was not fully satisfied by the sale to Hickman,) for three thousand dollars, and contracted to sell the same to Brown for thirty-five hundred dollars, payable in two equal instalments ; with the proviso, that, if one of the instalments was paid and the second was not, Newbury should be no longer bound to convey to Brown, and should repay to him the first instalment.

Brown also made a conveyance to Newbury. Taylor then

informed his counsel that the case was settled. Brown paid to Newbury the first instalment, but failed to pay the second, and Newbury repaid him the first instalment. Taylor then continued the prosecution of this suit, and Newbury, upon his own motion, was made a co-defendant and filed an answer.

The case was tried by the court below and judgment given for the defendant—the only declaration of law by the court being, that, "Upon the whole case, as made by the evidence, the plaintiff is not entitled to the relief sought by his bill." As the case is shown by the testimony, the sale made by the trustee appears to have been conducted improperly. It was the trustee's duty to endeavor to make the property bring its full value. His discretion in that matter is to be trusted, however, very largely. We know of no rule which absolutely requires that property to be sold by a trustee should be divided into lots of reasonable size, yet it is evident that in many cases he would be required to do so in accordance with the general principle which must rule his conduct. In this case, there being four distinct pieces of land, and each piece apparently capable of division, and no reason being shown why they should all be sold in a lump, we are inclined to the opinion that the trustee did wrong in so selling them. But the conduct of Taylor subsequent to the sale, by which Newbury was induced to buy the land, and thus became the party really interested in sustaining the validity of the sale, forbids that the sale should now be disturbed at Taylor's instance.

We give no positive opinion as to the propriety of the trustee's conduct in selling the whole property in a lump; nor, if improper, do we give any decision as to whether that impropriety would authorize the annulment of the sale, or only render the trustee liable in damages to the person injured thereby.

Judgment affirmed. Judges Bay and Dryden concur.