LONGWORTH V. ASLIN, *Appellant.*

DIVISION TWO.

1.   **Land**: ENCOURAGING ONE TO BUY ADVERSE TITLE: ESTOPPEL. Where one advises and encourages another to buy an adverse title to land, he will be estopped to deny the vendee's title, even though he was acting under a mistake of law as to the validity of his own title.

2.   **Money** : MISAPPLICATION OF PAYMENT.   One cannot receive money for one purpose and arbitrarily apply it to another.

*Appeal from Stoddard Circuit Court.*—HON. J. G. WEAR, Judge.

REVERSED AND REMANDED.

*S. G. Kitchen* for appellant.

(1)   In ejectment, the plaintiff must recover, if at all, on the strength of her own title, and not on the weakness of the defendant's title.   *Marvin v. Elliot,* 99 Mo. 616.   Respondent's title, by mesne conveyance from the Cairo & Fulton Railroad Company, conveys no interest in the premises, because the deed of trust made by the said railroad company expressly provides that the same is made subject to the prior lien of the state for the sum of $650,000.   Therefore, the deed made by the said trustees to H. H. Bedford could only convey the equity of redemption to the premises in

question, and the deed made by Bedford to the legal representatives of A. J. Bodenheimer only conveyed what he received from the said trustees; and appellant contends that, by the foreclosure sale made by the state, on the first day of October, 1866, the equity of redemption was extinguished. *Whitehead v. Vinyard*, 50 Mo. 30; *Chouteau v. Allen*, 70 Mo. 290; *Wilson v. Boyce*, 92 U. S. 320. (2) The respondent, after encouraging and inducing appellant to purchase the adverse title held by the St. Louis, Iron Mountain & Southern Railway Company, in the year 1881, and selling the improvements on said premises, and receiving the pay therefor, is estopped from claiming the possession of said premises. *Rice v. Bunce*, 49 Mo. 231; *Taylor v. Elliott*, 32 Mo. 172; *Huntsucker v. Clark*, 12 Mo. 333; *Turner v. Baker*, 64 Mo. 218.

*Houck & Keaton* for respondent.

(1) Appellant's only defense was that of estoppel, and the trial court having found against him on that issue, and there being ample evidence to support the finding, the supreme court will affirm it. *Handlan v. McManus*, 100 Mo. 124; *Krider v. Milner*, 99 Mo. 145; *Summers v. Rogers*, 90 Mo. 324. (2) The evidence shows there was no estoppel in this case. *Blodgett v. Perry*, 97 Mo. 263; *Schulenberg v. Lumber Co.*, 98 Mo. 613; *Acton v. Dooley*, 74 Mo. 68; *Gray v. Gray*, 83 Mo. 106. (3) The plaintiff's title is a valid one. *Railroad v. McGee*, 115 U. S. 469; *Doe v. Laramore*, 116 U. S. 198.

THOMAS, J.—This is an action of ejectment to recover possession of eighty acres of land lying in Stoddard county. The petition is in the usual form. The answer contains a general denial, and sets up an equitable estoppel. The facts alleged by way of estoppel

are, that the St. Louis, Iron Mountain & Southern Railway Company owned the land, and that plaintiff told defendant her title to it was bad, and agreed that if defendant would obtain the title of said company and pay plaintiff for improvements made by her, that she would not have any further claim to the land, and that defendant, relying on these representations, purchased the title of said company and paid plaintiff for her improvements.    To this answer plaintiff replied by way of general denial.

Plaintiff's title arises in this manner:    The Cairo & Fulton Railroad Company is the common source of title.    The land in controversy, with other lands, in pursuance of authority given by the statute of Missouri, were conveyed by said Cairo & Fulton Railroad Company to trustees to be sold to raise money for the construction of its road.    This conveyance was of date May 23, 1857.    On July 23, 1859, the trustees sold the land in controversy to H. H. Bedford, and by intermediate conveyances plaintiff acquired the title of Bedford. The defendant claims title also through the Cairo & Fulton Railroad Company by virtue of the foreclosure of the state's lien thereon, and a sale thereunder.    The record shows that from 1869 plaintiff, and those under whom she claims, had possession of this land till 1881. In 1880 plaintiff's husband leased the land to defendant.    In October or November, 1881, plaintiff's husband died.

Defendant testified as follows:    "After Mr. Longworth's death, Mrs. Longworth wanted me to buy the land; she said some said it was railroad land.    She wanted me to go to Dexter to see if it was railroad land, and, if it was, to buy it.    I told her I would not do it, unless she got some man in the neighborhood to go with me, because if I did it, without that, they might say I did it to beat her out of it.    She said she would get Mr. Evans to go with me.    Evans and myself went, and Mr.

Cooper, the land-agent of the railroad company there, said it was railroad land." He thereupon bought the land from the railroad company, agreeing to pay $350 for it, and the railroad company executed to him a deed for it dated November 26, 1881.

Defendant says Mrs. Longworth told him he could buy the land for $300, and if he could he was to pay her $300 for her interest and she would be satisfied. After defendant purchased the land from the railroad company, plaintiff moved to Tennessee, and left C. H. Barham as her agent. Defendant and C. H. Barham tried to agree upon the amount defendant should pay plaintiff, but in this they failed. They finally left it to arbitrators, who fixed the amount at $288, which amount defendant paid her. The report of these arbitrators recited that they assessed the value of the improvements on the property at the sum above named, and then added "the assessment is not to affect in any manner the title to the land above described."

Mrs. Cole testified that "she was present when the conversation was had between plaintiff and defendant, and plaintiff wanted defendant to go to Dexter to buy the land and defendant refused to go unless some one went with him to represent plaintiff." Evans testified that plaintiff came to his house and asked him if he was going next day with defendant to Dexter, and he told her he was and she then said that was all right. She did not tell him what defendant was going for. Plaintiff denied that she asked defendant to buy the land from the railroad company. She did not deny receiving the $288, however. The court rendered judgment for plaintiff, and defendant appeals.

It is evident from the instructions given and refused that the court ignored the plea of estoppel set up by defendant. The instruction given on this plea is as follows · "The court further declares the law to be, that although the court may find from the evidence that the defendant purchased the improvements situated on the

premises in plaintiff's petition described, that such sale did not confer title upon defendant, so as to defeat plaintiff's right of recovery, and the court should find for the plaintiff."

The instruction refused is as follows: "The court declares it to be the law of this case, that if it appears from the evidence that the plaintiff, after the death of her husband, agreed and contracted with the defendant to sell him her interest in the premises in question, and advised and encouraged the defendant to purchase the adverse title to the premises held by the said St. Louis, Iron Mountain & Southern Railroad Company, and that after the defendant, acting upon said advice and encouragement, had so purchased the title, plaintiff, by her agent, did sell her interest therein to the defendant, and received and collected the price therefor, the plaintiff is not entitled to recover, and is now estopped from denying defendant's title thereto, even if the plaintiff was acting at the time under a mistake of law as to the validity of her husband's title to said premises."

The instruction given ought to have been refused, and that refused ought to have been given. If the facts set out in the refused instruction are true, the plaintiff cannot recover. *Rice v. Bunce*, 49 Mo. 231 ; *Taylor's Heirs v. Elliott*, 32 Mo. 172 ; *Huntsucker v. Clark*, 12 Mo. 333 ; *Turner v. Baker*, 64 Mo. 218.

It is true, she now insists that she has a right to apply the money defendant paid her for the improvements on the rents, but she cannot receive money for one purpose and then arbitrarily apply it to another without the consent of the party paying it, and there is not a *scintilla* of evidence in this record that defendant ever expected her to apply the $288 he paid her for her improvements on the rents. He did not hold the property as plaintiff's tenant after his purchase from the railroad company, and refused to pay rent as was proven by plaintiff's witness, C. H. Barham. We have not gone

into the question whether defendant's title is the superior one, for the reason that the acts of the general assembly creating a lien in favor of this state on the property of the Cairo & Fulton Railroad Company are not in this record, and we, therefore, cannot determine the effect of the foreclosure of the state's lien upon the title to this property. *Wilson v. Boyce*, 92 U. S. 320.

For the error heretofore pointed out the judgment is reversed and the cause remanded for a new trial. Al of this division concur.