LOCKWOOD *v.* BENEDICT, DUNCOMBE and others.

Although a person purchases premises subject to a mortgage and assumes (as between the seller who originally gave the mortgage and himself) the payment of the mortgage debt as a part of the purchase money and afterwards conveys the premises to another in like manner subject to the mortgage, he is not a proper party to a bill of foreclosure ; there is no sufficient covenant or privity of contract between him and the holder of the mortgage to make him liable for any deficiency upon a sale.

*January* 6, 1841.

*Mortgage.*
*Guarantee.*

BILL for foreclosure. It showed the execution of a mortgage by Benedict to Ralph Lockwood of premises in the twelfth ward of the city of New-York ; that the mortgage was assigned by Ralph Lockwood to Ira Lockwood the complainant ; that the mortgagor, Benedict, had conveyed the premises, for five thousand dollars, to Alfred H. Duncombe and such consideration was only in part paid, a part thereof having been left to be paid in discharge of the mortgage and in the conveyance (from Benedict to Duncombe) it was provided that the said premises were subject to the mortgage which was to be paid by the latter as a part of the consideration money ; and which indenture was accepted by the said Duncombe and was recorded. That Duncombe, after assuming the mortgages, took possession of the premises and paid a portion of the interest due. That Duncombe and wife afterwards sold the premises to John D. R. Mitchell for four thousand and three hundred dollars, the consideration for which was not wholly paid, but a part left to be paid to the complainant and that it was not otherwise paid than by the said Mitchell agreeing and assuming to pay the mortgages which he did assume and became liable to pay and the conveyance was made subject to the mortgages and such conveyance was accepted by the said Mitchell and was recorded. That Mitchell took possession of the premises, paid taxes and charges thereon and promised to pay interest to the complainant, &c., &c. *Prayer*, for sale and deficiency against the original mortgagor, Benedict, as well as against Duncombe and Mitchell.

General demurrer by the defendant Alfred H. Duncombe.

Mr. *W. C. Wetmore*, in support of it, insisted: 1. That the bill stated no covenant or agreement by Duncombe to the complainant to pay the mortgages mentioned in the bill. 2. The agreement contained in the deed from Benedict to Duncombe could not enure to the benefit of the complainant; and cited 13 John. R. 496 ; 1 Strange, 592.

Mr. *A. Benedict*, for the complainant.

THE VICE-CHANCELLOR:—In *Bristol* v. *Morgan and others*, decided by me in January, one thousand eight hundred and thirty-eight, it was held that the mortgagee who had assigned to the complainants under a personal covenant to guarantee the payment of the debt or of any deficiency was a proper party to the bill for the purpose of discovery and of taking the account of the amount due on the mortgage guaranteed, even if he were not within the statute so as to have a decree over against him personally in that suit for a deficiency; and I, accordingly, overruled his demurrer.

But that is not this case. Here, the defendant Duncombe, who bought the premises subject to the mortgage and assumed it as a part of the purchase money, came under no personal obligation to the mortgagor for the debt. The contract was only between the purchaser Duncombe and the mortgagor as his vendor; and the latter only can sue upon it or, if he assigns it as a *chose in action*, the assignee may prosecute the demand at law. But, in the foreclosure suit, the court has nothing to do with the purchaser's agreement. It does not belong to the holder of the mortgage except by an express assignment, as a *chose in action* which the mortgagor is at liberty to make ; and if Duncombe, as the former purchaser, is called upon and is obliged to pay, he may have his action over against his immediate vendee, Mitchell, for the purchase money which he agreed to pay. Mitchell, as owner of the equity of redemption, and Benedict, the mortgagor, are both necessary parties to the suit; but Duncombe, having no longer any interest in the mortgaged premises and no personal liability resting upon him which

VOL. III.—60

1841.

LOCKWOOD
*v.*
BENEDICT.

June 8.

can be enforced in this suit by the holder of the present mort-gage, is unnecessarily made a party.

I, therefore, think the demurrer is well taken and must be allowed ; and the bill, as to the defendant Duncombe, be dis-missed with costs.