JENETTE NELSON, Appellant, *v.* ROSWELL EATON BROWN, Impleaded, etc., Respondent.

A person claiming dower by title paramount to a mortgage upon the real estate cannot be brought into court in an action to foreclose the mortgage, and compelled to test the validity of her dower.

The will of N. gave to his wife the use and income of his real estate during life, the same to be, as stated, "enjoyed, accepted and received by her in lieu of dower, and in addition to what she would have as doweress if this devise was not so made to her." *Held*, that the devise was in lieu of dower; and that the devisee having accepted the provision made was not entitled to dower.

Certain real estate of which N. died seized was subject to a mortgage executed by him, but in which his wife did not join. An action was

brought after the death of N. to foreclose the mortgage; his widow was made a defendant and was served with summons and complaint, but did not appear. The complaint contained no allegation in reference to her dower right, except the general averment that defendants "have, or claim to have, some interest in or lien upon said mortgaged premises" accruing "subsequently to the lien of said mortgage." The judgment provided that the premises be sold "subject to the dower therein of the defendant," Mrs. N. The premises were purchased by the plaintiff in that action. In an action brought by Mrs. N. to recover dower in said real estate, *held*, that the proceedings in the foreclosure suit were ineffectual to determine the question as to plaintiff's right to dower; and that defendant, who was the grantee of the purchaser at the sale, was not estopped by the judgment therein, or by the purchase under it, from questioning that right.

The record of a judgment, in order to conclude either of the party litigants, must be conclusive upon both.

Reported below, 66 Hun, 311.

(Argued December 14, 1894; decided January 15, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made December 9, 1892, which reversed an interlocutory judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term, and also reversed a final judgment in favor of plaintiff entered upon an order of Special Term confirming the report of a referee and granted a new trial.

The plaintiff brought this action as the widow of John Nelson, deceased, to recover dower in certain lands, of which her husband died seized. The action was defended on the ground that Nelson left a will, in which he made a provision for his wife in lieu of dower, which she had accepted. The will was made in 1875, and contained the following as its second provision: "I hereby devise and bequeath unto my beloved wife, Jenette Nelson, the use, income, profits, rents and profits of all my real estate during her natural life to be enjoyed, accepted and received by her in lieu of dower and in addition to what interest she would have. as doweress if this devise was not so made to her." In 1884, Nelson executed a mortgage upon one of his farms to secure the payment

of the sum of $10,000. The plaintiff, who was then his wife, did not join in the mortgage. Nelson died in March, 1889, and, in the year following, Letitia Howard, an assignee of the mortgage, commenced an action for its foreclosure. This plaintiff was made one of the parties defendant to that action; but the complaint therein made no allegation respecting her dower right or other reference to her rights, except as contained in a general allegation that the defendants " have, or claim to have some interest in, or lien upon the said mortgaged premises, or some part thereof, which interest, or lien, if any, has accrued subsequently to the lien of the said mortgage." Mrs. Nelson was served with the summons and complaint; but did not appear or answer. The foreclosure action went to trial upon issues, raised on the part of other defendants, relating to the execution of the mortgage, to the mental capacity of the mortgagor and to the consideration for the mortgage. Notwithstanding the absence of any issue as to Mrs. Nelson's rights, the judgment in foreclosure provided that the premises should be sold, " subject to the dower therein of the defendant, Jenette Nelson; " following in that respect a finding of fact and conclusion of law to that effect. At the sale under the judgment in foreclosure, the premises were purchased by the plaintiff in the action, Letitia Howard. Subsequently she conveyed them to the present defendant and respondent, Brown.

It was admitted, at the trial of this action, by the plaintiff, Mrs. Nelson, that she took possession of all the testator's real estate after his death, under the provisions of his will, and has ever since remained in the use of it, except as to the premises in question.

At the Special Term it was held that the plaintiff's right to dower was adjudicated in the foreclosure action, and the sale made subject thereto; and that, therefore, the defendant, Brown, was not in a position to deny that right. The court, also, held that, by virtue of the testamentary provision above mentioned, the plaintiff was entitled to her dower in addition to a life estate in the testator's property.

Upon appeal to the General Term the judgment which the plaintiff had recovered at the Special Term was reversed, upon both grounds, and a new trial was ordered. The plaintiff now appeals to this court, giving the usual stipulation for judgment absolute in the event of an affirmance.

*Charles J. Palmer* for appellant. The decree in the foreclosure action was an adjudication upon the question of the plaintiff's right to dower and it cannot be questioned collaterally. (*Hunt* v. *Hunt*, 72 N. Y. 218 ; *Jenkins* v. *Fahey*, 73 id. 355 ; *Blakeley* v. *Calder*, 15 id. 617 ; *Howell* v. *Mills*, 65 id. 226 ; *Helck* v. *Reinheimer*, 105 id. 473 ; *Cromwell* v. *MacLean*, 123 id. 474.) Jenette Nelson not having joined in the mortgage, through the foreclosure of which Letitia Howard obtained title, and her dower being a right founded constructively upon a purchase from the grantor (*Kursheedt* v. *U. D. S. Inst.*, 118 N. Y. 358), plaintiff's right of dower cannot be cut off, excepting the will is construed in such a way as to force her to an election between legal dower and the devise of a greater estate provided for·her in the will. (*Lewis* v. *Smith*, 9 N. Y. 511 ; *Konvalinka* v. *Schlegal*, 104 id. 125 ; *Bull* v. *Church*, 5 Hill, 206 ; *Adsit* v. *Adsit*, 2 Johns. Ch. 442 ; *Sanford* v. *Jackson*, 10 Paige, 266 ; *Church* v. *Bull*, 2 Den. 430 ; *Lewis* v. *Smith*, 9 N. Y. 502 ; *Fuller* v. *Yates*, 8 Paige, 325 ; *Havens* v. *Havens*, 1 Sandf. Ch. 324. 331 ; *Wood* v. *Wood*, 5 Paige, 596.)

*S. W. Petrie* for respondent. The determination of the General Term that the defendant Brown is not estopped by the findings and the judgment in the foreclosure action, in which Letitia Howard was plaintiff and Jacob A. Churchill and others were defendants, from denying the right of the plaintiff herein to recover dower, and that the question is not *res judicata*, is upheld by the decisions of this court. (*Bank* v. *Thompson*, 55 N. Y. 7 ; *Payn* v. *Grant*, 23 Hun, 134 ; *Malloney* v. *Horan*, 49 N. Y. 111 ; *Lewis* v. *Smith*, 9 id. 502 ; *Frost* v. *Koon*, 30 id. 428, 444 ; *E. I. S. Bank* v. *Goldman*, 75 id. 127 ; Freeman on Judg. § 159 ; 1 Greenl. on Ev.

§ 524; 2 Rice on Ev. § 721; *Brower* v. *Bowers*, 1 Abb. Ct. App. Dec. 219; *Van Camp* v. *Fowler*, 41 N. Y. S. R. 80–83; 133 N. Y. 600; *Lawrence* v. *Campbell*, 32 id. 455; *Williams* v. *Hays*, 46 N. Y. S. R. 100; *Stannard* v. *Hubbell*, 123 N. Y. 520, 529; *Stowell* v. *Chamberlain*, 60 id. 272; *House* v. *Lockwood*, 137 id. 259, 268; *Rector, etc.*, v. *Mack*, 93 id. 488.) That the testator gave plaintiff a life estate in all his lands cannot be doubted, and the language used clearly indicates the intention on the part of the testator that such life estate was to be in lieu of dower. (*Brown* v. *Lyon*, 6 N. Y. 419; *Morris* v. *Sickly*, 133 id. 456; *Phillips* v. *Davies*, 92 id. 199; *Roe* v. *Vingut*, 117 id. 204; Williams on Exrs. [6th Am. ed.] 1162; *Starr* v. *Starr*, 132 N. Y. 154; *Roseboom* v. *Roseboom*, 81 id. 356; *Van Vechten* v. *Keator*, 63 id. 52; *Trustees, etc.*, v. *Kellogg*, 16 id. 83; *Sweet* v. *Chase*, 2 id. 73; *Chace* v. *Lamphere*, 51 Hun, 524; *Crozier* v. *Bray*, 120 N. Y. 366; *Akin* v. *Kellogg*, 119 id. 441; *Chamberlain* v. *Chamberlain*, 43 id. 424; *In re Benson*, 96 id. 499.) The appearance by defendant in the proceedings subsequent to interlocutory judgment and prior to final judgment was no waiver of his right to appeal. (*Barker* v. *White*, 58 N. Y. 204, 209, 211.)

G<small>RAY</small>, J. We think the General Term held correctly upon the two propositions, for which this appellant contends. The proceedings in the foreclosure action were ineffectual to determine the question of the plaintiff's right to dower in the mortgaged lands. By failing to join with her husband in the execution of the mortgage, her inchoate dower right remained unaffected and superior to the mortgage. When after her husband's death, the action of foreclosure was brought, though she was made a party defendant, the complaint tendered no issue upon her right to dower. The general allegation to the effect that the defendant had, or claimed to have, some interest in the mortgaged premises, which had accrued subsequently to the lien of the mortgage, could have no reference or relation to her dower right, if it

existed; for it would have been a right paramount to that of the mortgagee. It is not proper to say that the allegation had no meaning as to Mrs. Nelson; for if she took only a life estate under the will of her husband, that would have been an interest which had accrued subsequently to the lien of the mortgage. If she accepted the provision for a life estate in the testator's real property in lieu of her dower, her interest in the mortgaged premises was subordinate to the mortgagee's. The question of the competency of adjudicating in foreclosure proceedings upon a dower right has been passed upon in the case of *Merchants' Bank* v. *Thomson* (55 N. Y. 7). The wife, there, did not join in the mortgage; but she was made a party defendant in the action to foreclose it, though there was no averment in the complaint relating to her. FOLGER, Ch. J., in the course of his opinion, said: " A foreclosure action is not the proper mode to litigate rights claimed in priority or hostility to the mortgage. A judgment passing upon them is erroneous. A person claiming dower by title paramount to the mortgage cannot be brought into court in such a suit to contest the validity of her dower. The position is the same as if she had not been a party to the foreclosure action." That opinion was founded upon the inadequacy of the proceeding to determine the question of dower; not only because of the non-existence of any issue respecting the dower right, but because the wife could not be compelled to come into such a proceeding, and there to litigate her rights. It is very evident, as no issue had been tendered, nor made, as to Mrs. Nelson's dower right, and as the question was not one which was essential or material to be decided in the foreclosure action, that no valid adjudication thereupon could be made.

The appellant, however, insists that the judgment is binding upon the respondent, as the grantee of Letitia Howard, the plaintiff in the foreclosure action; who, by buying at the sale made thereunder, thereby submitted to and was bound by the decision of the court. Had the appellant, herself, been concluded by the judgment rendered, that would be true. The judgment then would stand as a valid adjudication upon

her dower right; which this respondent could not have disputed. But that was not its effect. She was not bound by it, and, therefore, it could not conclude the respondent; under the settled and familiar rule, that the record of a judgment, in order to conclude either of the party litigants, must be conclusive upon both. The operation of the rule must be mutual. (1 Greenl. Ev. sec. 524.)

The question then becomes one of the proper meaning to be given to the provision which the testator makes for his wife. He gives her the " use, income, etc., etc., of all his real estate during her natural life to be enjoyed, accepted and received by her in lieu of dower, and in addition to what interest she would have had as doweress if this devise was not so made to her." The difficulty in construing this testamentary provision is occasioned by the involved language; the appellant insisting that it shows that the testator intended something for his wife in addition to the life estate devised. It is very plausibly urged in her behalf, that, if only a life estate was intended, the language would have ended with the words " in lieu of dower." But it is impossible to give to those words their legitimate and legal effect, and to hold that an estate was devised to the widow, in addition to what she would be entitled to as dower under the statute. Words so clear and important in their bearing cannot be regarded as meaningless and, yet, that would be the result, if we should hold with the appellant. Their office was plain; proper effect should be given to them, and a careful analysis of the language sufficiently warrants the conviction that the testator intended to give a life estate in his property, which, if accepted, should be in lieu of dower. If it was intended to be a provision, in addition to what his widow would be entitled to as dower, then it was easier to say so and more natural, than to have coupled with the provision a clause containing expressions of a very negative character, if considered as a recognition of a right to dower besides. The language " in addition to what interest she would have had as doweress if this devise was not so made to her " suggests, almost instantly, the existence in the testator's mind of

the idea that as the making of the devise precluded his wife from claiming dower an explanation was proper to show that he was giving her a larger interest in his estate. It was, of course, an unnecessary thing to do; and tended to a confusion of ideas; but, unless regarded as explanatory in its purpose, I think the language would be incompetent to convey any idea of what the testator had in mind. It seems more in accord with the natural operation of the lay mind to so interpret this language. Having directed the life estate to be accepted and received by his wife in lieu of dower, the testator follows the direction with language, which softens its expression by explaining the greater advantage accruing to the recipient.

The often arduous effort imposed upon the courts to find the intention of a testator is more safely accomplished by taking language in its ordinary sense and in giving to words, used simply, or in some legal combination, that meaning which the lay mind usually would attach, or which has been acquired by frequent and familiar usage. It is difficult to conceive of a testamentary gift being made, to be accepted in lieu of dower, which, nevertheless, is to be in addition to dower; whether the ordinary lay mind, or the subtler mind of the lawyer makes the effort. Harmony in the provision is only found in reading the conclusion of the clause in question as explanatory of what had preceded, and the general rule is adhered to, which requires effect to be given, where it is possible, to all the provisions of a will. However greatly dower is favored in the law, it is never favored at the cost of a disregard of such express words as we find in this provision. They contain a direct expression of intention and fall readily under the exception mentioned in the cases cited by the appellant of *Lewis* v. *Smith* (9 N. Y. 511), and *Konvalinka* v. *Schlegel* (104 id. 125).

I think the decision of the General Term was correct. The order appealed from should be affirmed and, under the stipulation of the appellant, judgment absolute should be ordered for the respondent, with costs in all the courts.

All concur, except PECKHAM, J., not voting, and HAIGHT, J., not sitting.

Ordered accordingly.