PATTERSON, J.
—This is an appeal from an order denying an application of the appellants to be made parties to a foreclosure action. The persons seeking to intervene are two of the grandchildren *529 of Joseph Cudlipp, by whose will a certain house and lot in the city of New York was devised to his son Joseph Cudlipp, Jr., for life, and on his death to his children in fee. Joseph Cudlipp, Jr., "is still living. In February, 189.4, he had three children,—the two appellants, and Joseph R, Cudlipp. The latter mortgaged Ms interest in remainder to the plaintiff. The mortgage was in process of foreclosure by this suit when he died. The appellants, claiming that by his death the one-third interest referred to lapsed, and the whole remainder is now in them, ask to be made parties, that they may set up their alleged rights against the mortgagee. They are not necessary parties. If their claim of title is valid, it is a title paramount. They would not take from John R Cudlipp, but under their grandfather’s will.- Theirs would be a prior title, and being such, is not to be adjudicated in this foreclosure action. They would not be cut off by decree. They seek, in effect, to have a judicial construction given in this action to tire will of their grandfather. The necessary parties to a foreclosure suit are the mortgagor and mortgagee and those who have obtained rights or interests in the land subsequent to the mortgage (Bank v. Goldman, 75 N. Y. 127; Fire Co. v. Lent, 6 Paige, 637; Frost v. Koon, 30 N. Y. 428), and asserted hostile prior rights to the mortgagee are not to be settled in foreclosure suits. Nelson v. Brown, 144 N. Y. 384; 63 St. Rep. 697.
The order must be affirmed, with $10 costs and disbursements.
All concur.