respect thereto will necessarily call for a detailed examination, such as a jury would be unable to give. It may be true that in the bills of particulars the plaintiffs have amplified the details of their services. But, if this case does not show that its trial will involve the examination of a long account, then it is because the relation of attorney and client can never involve such an account. We recognize and appreciate the wholesome rules which have been laid down in this class of cases,—notably in Randall v. Sherman, 131 N. Y. 669, 30 N. E. 589, and Feeter v. Arkenburgh, 147 N. Y. 237, 41 N. E. 518,—but we are not prepared to put attorneys entirely outside the pale of section 1013 of the Code. To refuse a reference here, upon the plea that a case of a long account is not made out, and to force the plaintiffs to go over every disputed item before a jury, would practically be a denial of justice.

We think, therefore, that the motion for a reference should have been granted, and that the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, to abide the final event. The parties can, undoubtedly, as they have heretofore done, agree upon a referee. If, however, they cannot do so, the court, upon the entry of the order on the decision of this appeal, will appoint a referee. All concur.

---

(1 App. Div. 524.)

FIFTH AVE. BANK OF BROOKLYN v. CUDLIPP et al.

(Supreme Court, Appellate Division, First Department. February 7, 1896.)

1. MORTGAGE FORECLOSURE—INTERVENTION TO TRY TITLE.

A remainder-man, after a devise to a father for life, remainder to his children in fee, mortgaged his interest, and died pending an action to foreclose. The other children claimed that by the mortgagor's death his interest lapsed, that the whole remainder was in them, and asked to be made defendants to the foreclosure action, that they might set up their rights against the mortgagee. *Held* that, if their title was valid, it was a title paramount under the will, and could not be adjudicated in the foreclosure action.

2. SAME—NECESSARY PARTIES.

The necessary parties to a foreclosure action are the mortgagor, the mortgagee, and those who have obtained interests in the land subsequent to the mortgage.

Appeal from special term.

Action by the Fifth Avenue Bank of Brooklyn against Joseph R. Cudlipp and others to foreclose a mortgage. From an order denying the motion of J. Wilhelmine Hollister and Blanche I. Cudlipp to be made defendants in the action, they appeal. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and O'BRIEN, JJ.

W. W. Niles, Jr., for appellants.

Oliver J. Wells, for respondent.

PATTERSON, J. This is an appeal from an order denying an application of the appellants to be made parties to a foreclosure action. The persons seeking to intervene are two of the grandchildren

of Joseph Cudlipp, by whose will a certain house and lot in the city of New York was devised to his son Joseph Cudlipp, Jr., for life, and on his death to his children in fee.    Joseph Cudlipp, Jr., is still living.    In February, 1894, he had three children,—the two appellants and Joseph R. Cudlipp.  .The latter mortgaged his interest in remainder to the plaintiff.    The mortgage was in process of foreclosure by this suit when he died.    The appellants, claiming that by his death the one-third interest referred to lapsed, and the whole remainder is now in them, ask to be made parties, that they may set up their alleged rights against the mortgagee.    They are not necessary parties.    If their claim of title is valid, it is a title paramount. They would not take from John R. Cudlipp, but under their grandfather's will.    Theirs would be a prior title, and, being such, is not to be adjudicated in this foreclosure action.    They would not be cut off by decree.    They seek, in effect, to have a judicial construction given in this action to the will of their grandfather.    The necessary parties to a foreclosure suit are the mortgagor and mortgagee and those who have obtained rights or interests in the land subsequent to the mortgage (Bank v. Goldman, 75 N. Y. 127;  Fire Co. v. Lent, 6 Paige, 637;  Frost v. Koon, 30 N. Y. 428), and asserted hostile prior rights to the mortgagee are not to be settled in foreclosure suits (Nelson v. Brown, 144 N. Y. 384, 39 N. E. 355).

The order must be affirmed, with $10 costs and disbursements. All concur.