Appeal from surrogate's court, New York county.

Proceeding for the probate of the will of 'Nicholas Seagrist, deceased. From an order denying a motion to charge costs of probate personally on Francis S. K. Seagrist and Theresa Seagrist, they appeal. Affirmed.

For report of decision admitting the will to probate see 32 N. Y. Supp. 1095.

Argued before BARRETT, RUMSEY, PATTERSON, and IN-GRAHAM, JJ.

George W. Taylor, Jr., for appellants.
Joseph H. Hayes, for respondents.

PER CURIAM. Upon making the original decree, which was appealed from, the surrogate exercised his discretion as to the award of costs in the manner which at that time seemed to him just. The order of the appellate division made upon the appeal was not intended to affect the award of costs made by the surrogate, but applied only to the costs of the appeal. It did not follow, because the appellate division awarded costs against the contestants personally upon the appeal, that they should personally be charged with the' costs of the original contest in the surrogate's court. The direction of the appellate division with regard to costs of the appeal had no effect, therefore, upon the decree of the surrogate awarding costs, which stood as effectual unless it was reversed or modified upon the appeal. The fact that the appellate division had awarded costs of the appeal against the contestants personally afforded no reason why the surrogate should change his original award. No other reason was suggested, and therefore the order appealed from was proper, and should be affirmed, with $10 costs and disbursements.

---

(8 App. Div. 616)

### CAREY v. KIEFERDORF et al.

(Supreme Court, Appellate Division, First Department. July 31, 1896.)

PARTIES—RIGHT TO INTERVENE—INTEREST IN CONTROVERSY.
　　One who has no interest in or lien on mortgaged premises is not entitled to be made a defendant in an action to foreclose the mortgage.

Appeal from special term, New York county.

Action by Arthur A. Carey against Cecilia V. Kieferdorf and others to foreclose a mortgage. From an order granting the application of T. R. Egan to be made a party defendant, plaintiff appeals. Reversed.

Argued before BARRETT, RUMSEY, PATTERSON, and IN-GRAHAM, JJ.

H. V. N. Philip, for appellant.
James W. McElhinney, for respondents.

PER CURIAM. The order appealed from should be reversed, for the reason that the applicant was not a judgment creditor of the

owner of the premises at the time of the filing of the notice of lis pendens. He was consequently neither a necessary nor a proper party, and he had no right to intrude into the action merely to secure notice of the sale of the premises. Having avowedly no defense to the action, as he had no lien upon or interest in the premises at the time of its commencement, his application should have been denied, with costs.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

---

(4 App. Div. 616)

### TASKER v. RYAN.

(Supreme Court, Appellate Division, Third Department. April 14, 1896.)

REPLEVIN—WHO LIABLE—MORTGAGEES.

A mortgagee of chattels to which the mortgagor had no title is liable to the real owner where he sells the chattels under the mortgage and delivers them to the purchaser after notice of the owner's claim, and it is no defense that he parted with the possession or control of the chattels before the action against him was commenced. Putnam, J., dissenting, on the ground that plaintiff failed to show title.

Appeal from county court.

Replevin by Benjamin M. Tasker against Thomas Ryan. There was a judgment in favor of defendant, and plaintiff appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

M. H. O'Brien for appellant.

Potter & Kellogg (Y. A. Kellogg, of counsel), for respondent.

LANDON, J. I advise reversal. The judge directed a verdict. The jury might have found upon the evidence (1) that De Forrest, the vendor of the furniture to Saunders, never forfeited Saunders' right to pay the balance due the vendor upon it; (2) that Brewer, in paying the vendor the balance due from Saunders thereon, did so as the tenant of Saunders, or as his agent and manager; (3) that the bill of sale from the vendor, De Forrest, to Brewer (defendant's Exhibit 2), was merely given to enable Brewer, as he said, to show Saunders as a voucher. These facts being found, then Brewer had no title. The mortgagees had only such rights as Brewer, the mortgagor, had at the time he gave the mortgage; and thus the mortgage under which defendant sold the furniture did not impair Saunders' right. The defendant did more than a mere servant disclaiming power to deliver goods intrusted to him by his master upon the demand of a stranger. There is evidence tending to show that after he knew of plaintiff's claim he exercised dominion over the property, assumed to control the possession, and, as he testifies, delivered the property to the purchaser. Allen v. Crary, 10 Wend. 349; Knapp v. Smith, 27 N. Y. 277; Boyce v. Brockway, 31 N. Y. 493; Wells, Rep. §§ 362, 364; Story, Ag. § 312. "He who assumes to deal or intermeddle with chattels not his own must see to it that