LYDIA A. GANO, Plaintiff, *v.* FRANK W. POTTER, Impleaded with LOUISE P. LANCTOT, as Administratrix of WAYNE P. LANCTOT, Deceased, and Others, Defendants.

(Supreme Court, Monroe Special Term, December, 1918.)

Foreclosure — who are not necessary or proper parties in action for — mortgages.

> One may not be made a party to a foreclosure action on motion of a defendant, unless he has some pecuniary interest in the subject of the action and the moving party will be prejudiced by a denial of the motion.
>
> Where no deficiency judgment is asked for in a foreclosure action a non-resident mortgagor or the representatives of one who is dead, or his wife, whose whereabouts are unknown, or the grantee, who has assumed and agreed to pay the mortgage but whose grantor has not so agreed, are not necessary or proper parties defendant if they have conveyed their interest.

MOTION to compel the plaintiff to bring in defendants in an action to foreclose a mortgage.

Sardius D. Bentley, for motion.

D. Curtis Gano, opposed.

RODENBECK, J. The defendant Lanctot, a judgment creditor of a former owner of the property covered by the mortgage sought to be foreclosed in this action, asked to have her judgment debtor brought in as defendant and also the mortgagors or their representatives. The only defendants are the present owner of the property and subsequent lienors. The theory of this application is that the parties sought to be brought

in being liable for the mortgage debt will be apt to bid on the property and thereby create a surplus which may be applied to the payment of the judgments which are liens on the property. The court has undoubted power to bring in new parties for the Code of Civil Procedure does not seek to regulate the subject of defendants in a mortgage foreclosure further than to provide that any person who is liable to the plaintiff for the payment of the debt secured by the mortgage may be made a defendant in the action. Code Civ. Pro. § 1627. This provision obviates the necessity of a separate action to recover a deficiency but like many other provisions of the Code meddling with the functions of the court it sheds little light on the subject of parties. It leaves it where it existed under the old equity practice and compels litigants to look to the decisions of the courts to ascertain who are necessary and proper parties in such an action. Persons are necessary parties whenever a valid and effectual decree can not be made without them and all other parties are proper parties if they have any pecuniary interest in the controversy not involving a prior title or hostile claim. 27 Cyc. 1563. If a complete determination can not be made without their presence they may be brought in. Code Civ. Pro. § 447. This does not mean that prior or subsequent incumbrancers will be brought in if the action can proceed without prejudice to the interests of any person who is entitled to be heard.

If the interest of any person will be compromised by the omission of another person as a party he should be brought in but it must be an actual present interest and not a speculative one. *Carey* v. *Kieferdorf,* 8 App. Div. 616; *Bowden* v. *Long Acre Sq. B. Co.,* 92 id. 325. A prior title or prior hostile right will not be adjudicated without the consent of the parties. *Fifth*

*Ave. Bank* v. *Cudlipp,* 1 App. Div. 524; *Nelson* v. *Brown,* 144 N. Y. 384. Prior incumbrancers are not affected by the foreclosure if not made parties and usually will not be brought in. Subsequent incumbrancers will not be affected unless they are made parties (*Moulton* v. *Cornish,* 138 N. Y. 133), but will be cut off if made defendants and usually will be brought in on motion. The mortgagor need not be made a party, except to secure a deficiency judgment, where he has conveyed the property since the making of the mortgage. *Van Nest* v. *Latson,* 19 Barb. 604; *Daly* v. *Burchell,* 13 Abb. Pr. (N. S.) 264; *Bigelow* v. *Bush,* 6 Paige, 343. Subsequent grantors who have parted with their interest and have not agreed to pay the mortgage debt need not be made parties. *Lockwood* v. *Benedict,* 3 Edw. Ch. 472. The present owner of the mortgage and the present owner of the equity of redemption are all that are necessary unless the owner of the mortgage asks for a deficiency judgment (*Leonard* v. *Morris,* 9 Paige, 89) or desires to determine or cut off some interest prior or subsequent to the mortgage by way of an incumbrance, lien or adverse claim. *Brown* v. *Volkening,* 64 N. Y. 76; *Fifth Ave. Bank* v. *Cudlipp, supra; Older* v. *Russell,* 8 App. Div. 518; 27 Cyc. 1563. The grantees sought to be brought in by the pending motion are not the owners of the property, have not agreed to answer for the mortgage debt and are not necessary or proper parties. The agreement with their grantor to assume and agree to pay the mortgage debt was void for want of consideration. *Vrooman* v. *Turner,* 69 N. Y. 280. They have no interest to protect and would not bid on the property if they were made defendants. No interest of the defendant Lanctot would be served by bringing them in. The mortgagors sought to be brought in have, subsequent to the mortgage, con-

veyed their interest in the property and no deficiency judgment having been asked for in the complaint they have no interest to protect and nothing will be gained by making them defendants. One of them has died and the whereabouts of the wife is unknown, while the other is a non-resident. A service by publication will not support a personal judgment (*Schwinger* v. *Hickok,* 53 N. Y. 280) and no such judgment can be obtained unless specifically demanded in the complaint. 27 Cyc. 1599. A person will not be brought in as a defendant unless he has some pecuniary interest in the litigation and the parties seeking to bring him in will be prejudiced by the omission.

Motion denied in each case, with ten dollars costs in one action.

Ordered accordingly.