Greenbaum, J.
This action is brought to foreclose a mortgage on premises at No. 65 East Ninetieth street *238 in New York city. The defendants are the mortgagor and various other parties who have or may claim to have some interest or lien upon the mortgaged premises, “ subject or subordinate to the lien ” of the mortgage in suit. The prayer for relief is in the usual form, asking for judgment barring the defendants from all rights and claims in the mortgaged premises, directing a sale, and directing a deficiency judgment against the defendant Elsie Buckert, the mortgage debtor. The defendants are in default, except the defendant Minnie Buckert, who asserts in her answer a defense or counterclaim setting up her claim for dower in the property by virtue of an alleged devise to her husband, one John P. Buckert, under the will of Wendelin Buckert, his father, which took effect prior to the date of the mortgage in suit. The allegations of paragraph 11 of' the complaint are to the effect that the defendant Minnie P. Buckert and others “ have or claim to have some interest in or lien upon the said mortgaged premises or some part thereof, which interest or lien, if any, is subject or subordinate to the lien of the said mortgage held by the plaintiff.” It is thus evident,that no claim is made against this defendant with respect to her alleged dower right, which arose prior to the execution of the mortgage. The separate defense and counterclaim set up in the answer of defendant Minnie P. Buckert constitute neither a defense nor a counterclaim. It is not a defense, because the plaintiff in his complaint merely alleges as to this defendant that she has or claims to have “ some interest in or lien upon the said mortgaged premises or some part thereof, which interest or lien, if any, is subject or subordinate to the lien of the said mortgage held by the plaintiff,” whereas the facts set up in this defense relate to alleged rights in the mortgaged premises that arose prior to the execu *239 tion of the mortgage for the foreclosure of which this action is brought. It is not a counterclaim, because the facts alleged do not tend “ to diminish or defeat the plaintiff’s recovery,” nor does it arise under any of the causes of action described in sections 501 and 502 of the Code of Civil Procedure. Besides, the court under no circumstances is in a position in this action to adjudicate the defendant’s claim of right of dower, since there is no prayer for relief by way of an admeasurement of dower. In Merchants’ Bank v. Thomson, 55 N. Y. 7, the court, by Judge Folger, said: “A foreclosure action is not the proper mode to litigate rights claimed in priority or hostility to the mortgage. * * * There is the general clause in the (prayer for) judgment that the defendants be foreclosed of all right in the premises. But her inchoate right of dower was not in issue, and there could be no valid adjudication adverse to it.” See, also, Nelson v. Brown, 144 N. Y. 384; Lewis v. Smith, 9 id. 502. In Anderson v. McNeely, 120 App. Div. 676, where an almost identical allegation was under consideration, the court said: “ No matter what action may have been taken by the plaintiffs under the complaint in this action; no matter what demand they may make in their prayer for equitable relief, they cannot affect any rights Julia A. McNeely may have had in the property prior to the execution of this mortgage, she not having signed the instrument. Lewis v. Smith, 9 N. Y. 502.” It follows that the so-called counterclaim must be dismissed and judgment rendered for the plaintiff.
Ordered accordingly.